**Merlin M. EVANS, Appellant,**

v.

**Robert C. WATSON, Commissioner of Patents, et al., Appellees.**

**No. 15118.**

United States Court of Appeals District of Columbia Circuit.

Argued June 18, 1959.

Decided July 16, 1959.

Petition for Rehearing Denied Sept. 23, 1959.

---

Mr. Al Philip Kane, Washington, D. C., with whom Mr. Charles V. Koons, Washington, D. C., was on the brief, for appellant.

Mr. Donald B. MacGuineas, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, and Mr. Samuel D. Slade, Atty., Dept. of Justice, were on the brief, for appellees.

Messrs. F. Trowbridge vom Baur, William B. Jones, Washington, D. C., James P. Hume, Chicago, Ill., Herbert E. Forrest, and Timothy J. May, Washington, D. C., filed a brief on behalf of the Special Committee of the American Bar Association, as amicus curiae, urging affirmance.

Messrs. Andrew B. Beveridge, Perry S. Patterson, and Raymond G. Larroca, Washington, D. C., filed a brief on behalf of the Bar Association of the District of Columbia, as amicus curiae, urging affirmance.

Messrs. C. Willard Hayes, William H. Webb, Washington, D. C., and Virgil E. Woodcock, Philadelphia, Pa., filed a brief on behalf of the American Patent Law Ass'n, as amicus curiae, urging affirmance.

Before EDGERTON, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

Plaintiff (appellant) filed this action against the Commissioner of Patents and the Secretary of Commerce, defendants (appellees), in the District Court for declaratory judgment and injunction, asking that an amendment of Rule 1.345, Rules of Practice before the Patent Office, 35 U.S.C.A.Appendix, hereinafter set forth, be declared void. The complaint alleged that plaintiff is a nonlawyer, admitted since 1926 to practice before the Patent Office as a registered patent attorney; and that on August 27, 1957, the Commissioner of Patents, with the approval of the defendant Secretary, published in the Federal Register notice of his proposal to amend the rules of the Patent Office in order "to prohibit advertising to solicit patent business."

After a public hearing, at which plaintiff appeared, the following rule was

promulgated forbidding all advertising from and after January 1, 1959:[1]

"Section 1.345 *Advertising.* (a) The use of advertising, circulars, letters, cards, and similar material to solicit patent business, directly or indirectly, is forbidden as unprofessional conduct, and any person engaging in such solicitation, or associated with or employed by others who so solicit, shall be refused recognition to practice before the Patent Office or may be suspended, excluded or disbarred from further practice.

"(b) The use of simple professional letterheads, calling cards, or office signs, simple announcements necessitated by opening an office, change of association, or change of address, distributed to clients and friends, and insertion of listings in common form (not display) in a classified telephone or city directory, and listings and professional cards with biographical data in standard professional directories shall not be considered a violation of this rule.

"(c) No agent shall, in any material specified in paragraph (b) of this section or in papers filed in the Patent Office, represent himself to be an attorney, solicitor or lawyer."

Plaintiff alleges that since 1926 he has earned his livelihood as a registered patent attorney. He further alleges that his practice has been predicated on lawful advertising approved by the Patent Office, and that, should he be required to stop advertising, his business, and consequently his livelihood, would be seriously affected and that he and other persons similarly situated will be forced out of the business of representing persons before the Patent Office and will suffer irreparable damage in the loss of their livelihoods.

On May 8, 1959, the District Court entered its order denying plaintiff's motion for summary judgment, granting defendants' motion to dismiss, and dismissing the complaint.

■ Government counsel urges that this action is premature and does not present a justiciable controversy, and that plaintiff cannot maintain the action because he has failed to exhaust his administrative remedies. We disagree.

■ Plaintiff urges that, under 35 U.S.C. §§ 6, 31 and 32, the Commissioner of Patents did not have the lawful authority to promulgate the regulation; that 35 U.S.C. § 6 requires that rules made by the Commissioner of Patents must not be inconsistent with law; that the Congress has repeatedly recognized that advertising by patent attorneys is lawful and is permitted under 35 U.S.C. § 32 and, further, that the Patent Office has so interpreted the law for at least 75 years.

The pertinent parts of the United States Code, 35 U.S.C. §§ 31 and 32, provide as follows:

"§ 31. *Regulations for agents and attorneys.* The Commissioner, subject to the approval of the Secretary of Commerce, may prescribe regulations governing the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Patent Office, and may require them, before being recognized as representatives of applicants or other persons, to show that they are of good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the office.

"§ 32. *Suspension or exclusion from practice.* The Commissioner may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent Office, any person, agent, or attorney shown to be incompetent

---

1. The effective date of his rule was extended to July 1, 1959.

or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 31 of this title, or who shall, by word, circular, letter, or advertising, with intent to defraud in any manner, deceive, mislead, or threaten any applicant or prospective applicant, or other person having immediate or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded. * * * "

Plaintiff first urges that, since § 32 provides penalties for fraudulent advertising, it necessarily follows that ordinary non-fraudulent advertising is proper. But § 31 provides that the Commissioner of Patents may prescribe regulations governing the recognition and conduct of those representing applicants or other persons before the Patent Office. These two sections should be construed together.

The Congress provided that fraudulent advertising should be ground for disbarment, and left to the discretion of the Commissioner of Patents the determination of what other conduct is improper for those practicing before the Patent Office. The regulation under attack is not unreasonable and, therefore, not invalid. Nor is it an extraordinary one. The record discloses that under the Treasury Statute, 5 U.S.C.A. § 261, the Veterans Administration Statute, 38 U.S.C.A. § 102,* the Department of the Interior Statute, 5 U.S.C.A. § 493, and under regulations adopted by the Commissioner of Patents pursuant to 35 U.S.C. §§ 6, 31 and 32, Trademark, Rules of Practice, all essentially similar statutes, similar regulations have been adopted.[2] That the prior Commissioners of Patents did not adopt such a regulation, and that one Commissioner doubted his authority to do so, is not conclusive or even persuasive. The court has no right to substitute its view for that of the Commissioner of Patents.

\* Now 38 U.S.C.A. § 3601 et seq.

We have reviewed the other points urged by plaintiff and find them to be without merit.

The judgment of the District Court is Affirmed.

**2.** So far as appears, these regulations have never been attacked.