Lewis A. PALEY, Plaintiff,

v.

Morris O. WOLK, Michael E. Rogers, Edward L. Brenner and John T. Connor, Defendants.

No. 65–C–1543.

United States District Court
N. D. Illinois, E. D.
Dec. 29, 1965.

Lewis A. Paley, pro se.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for defendants.

## OPINION

WILL, District Judge.

Plaintiff has filed this action pro se against Secretary of Commerce John T. Connor, Commissioner of Patents, Edward L. Brenner, and Morris O. Wolk and Michael E. Rogers, employees of the Patent Office. Acting under the assumption that the above-named defendants are being sued in their official capacity, the United States Attorney has moved to dismiss the complaint alleging that it fails to contain the requisite statement of the grounds for the court's jurisdiction, Rule 8(a) (1), F.R.Civ.P., and that in any event, resolving every doubt in favor of the plaintiff, the substance of the complaint does not set forth a cause of action which could be maintained against the named defendants or could come within the limited jurisdiction of this court. While plaintiff has filed no response to the motion, it appears to the court that the government's contentions are valid and, accordingly, the motion to dismiss for want of jurisdiction will be granted.

■ A complaint drawn by a citizen, pro se, is entitled to the broadest possible construction at this stage of the proceedings and were the government's motion confined to plaintiff's failure specifically to include a jurisdictional statement, dismissal of the action would generally be unwarranted. In the instant case, however, the government has endeavored to set out every possible characterization of the complaint, demonstrating the absence of jurisdiction in each case.

Essentially, plaintiff's complaint arises out of several patent applications which he has filed. Two of these, Serial No. 146,152 (filed July 5, 1962) and Serial No. 218,058 (filed August 20, 1962) have been held abandoned. A third, Serial No. 283,343 (filed May 27, 1963) has been rejected on account of undue multiplicity of claims. The rejection of the latter application has apparently been considered twice by the Board of Appeals of the Patent Office; no such appeal is alleged with respect to the first two applications. The instant complaint alleges that defendants Wolk and Rogers have wrongfully determined that the plaintiff must reduce the number of claims in his patent applications; that such a requirement is illegal inasmuch as the statute, 35 U.S.C. § 41(1), establishes a fee schedule which contemplates applications having more than one claim; and that the Patent Office regulations providing that multiple claims must differ substantially from each other is an unconstitutional deprivation of plaintiff's right to obtain a patent on his inventions. Plaintiff also complains that a recent enactment of Congress increasing fees required for patent applications and altering the fee schedule with respect to the number of claims is unconstitutional. Finally, plaintiff alleges that all of the defendants are engaged in a "confidence game", obtaining money under false pretenses and "swindling" applicants out of substantial sums of money.

■ Insofar as plaintiff seeks an order compelling issuance of patents on his applications, this court clearly lacks jurisdiction of the subject matter. Such cases must be brought in the District Court for the District of Columbia, 35 U.S.C. § 145, and, in any event, an applicant must present his claims to the Patent Office Board of Appeals prior to resort to the courts, making judicial action with respect to two of plaintiff's claims premature. While the plaintiff has apparently proceeded in this court on the basis of the liberal venue provisions of 28 U.S. C. § 1391(e), that provision is inapplicable where the venue for a particular action is specified by statute.

■ With respect to plaintiff's claim for money damages, the complaint does not set forth a cause of action cognizable in this court however it is viewed. If plaintiff's allegations of obtaining money under false pretenses for the defendants' personal benefit is taken at face value, it is clear that the damages sought are unrelated to the application fees paid since they are not paid to the defendants but to the Treasury. The suggestion must be that the plaintiff had paid certain money to the defendants.

Under such circumstances, plaintiff cannot avail himself of the liberal venue provisions of § 1391(e), since the action would be against the defendants personally rather than in their official capacities. Insofar as the damages grow out of plaintiff's payment of certain funds to the Treasury they would appear to be based on a contractual or quasi-contractual theory and, since the claim exceeds $10,000, jurisdiction is exclusively in the Court of Claims. 28 U.S.C. § 1346 (a) (2). If the official conduct of the defendants in allegedly tortiously applying Patent Office regulations is the action giving rise to the claim for money damages, plaintiff's jurisdictional ground would seem to be the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. However, if such be the case, the government correctly points out that the exception to liability for acts statutorily committed to an officer's discretion would preclude our assumption of jurisdiction. Moreover, since such a claim would necessarily require adjudication of the substantive merits of plaintiff's claimed invention, the applicability of the Tort Claims Act to the complaint is highly doubtful.

The remaining allegations of unconstitutionality require a similar conclusion that this Court is without jurisdiction. Plaintiff's applications having antedated the amendment of the fee schedules by over two years, the complaint does not suggest any basis for determining that plaintiff has the requisite standing to challenge the statute. The constitutional challenge to the Patent Office regulations, on the other hand, is inseparable from the allegation that plaintiff's patent applications were wrongfully rejected and treated as abandoned. While an action challenging a regulation can be brought without regard to any pending application, such a proceeding is in the nature of a declaratory judgment, see Evans v. Watson, 106 U.S.App.D.C. 108, 269 F.2d 775 (1959), and the exercise of jurisdiction over such cases is discretionary. Under the circumstances here presented, plaintiff has the opportunity to raise his contentions fully in the course of a proceeding testing the decisions with respect to his patent applications and accordingly, the exercise of declaratory judgment jurisdiction by this court would be unwarranted. In passing, we would observe that plaintiff's constitutional and statutory contentions and, in particular, his suggestion that multiple claims are authorized notwithstanding their content because the fee schedule is based on the number of claims, are ones which have been rejected on numerous prior occasions. This fact further demonstrates that plaintiff's contentions are in fact grounded on the Patent Office's treatment of his particular applications. As already noted, review of Patent Office decisions with respect to an inventor's applications cannot be had in this court.

Accordingly, this action must be dismissed for want of jurisdiction. An appropriate order will enter.