**Ely SILVERMAN, Appellant,**

**v.**

**The STATE BAR OF TEXAS, Appellee.**

**No. 25582.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1968.

Elsie Brown Silverman, Amarillo, Tex., John C. Stahl, San Antonio, Tex., Silverman & Silverman, Amarillo, Tex., for appellant.

Davis Grant, Austin, Tex., for appellee.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

COLEMAN, Circuit Judge:

In an action for declaratory and injunctive relief, appellant unsuccessfully challenged the validity of a regulation of the Texas State Bar. We reverse and remand.

The facts were stipulated. Silverman is a practicing attorney of Amarillo, Texas, licensed by the State of Texas and in good standing. He is also a Registered Patent Attorney, enrolled by the United States Commissioner of Patents. He lists himself under "Attorneys" in the classified section of the local telephone directory and likewise lists himself under "Patent Attorney" in the same classified section.

On June 19, 1964, the appropriate committee of the Texas State Bar, which is an integrated bar, issued Opinion 289, interpreting Canons 24, 39, 41, and 42 [1]

---

1. Texas State Bar Canons of Ethics, State Bar Rules, Art. XIII, § 3.

39. Professional Card. The customary use of professional cards is permissible. The professional card of a member may with propriety contain only a statement of the member's name (and the names of lawyers associated with him), profession, address, telephone number, and special branches of the profession practiced. The professional card, or a professional listing, may be inserted in reputable law lists and law directories. The listing shall contain only such matter permitted in the professional card, but may include a brief biographical sketch of the lawyer and his associates, and, with their written consent, the names of not more than six representative clients for whom the lawyer and his associates are regularly employed as counsel.

41. Specialists. These rules apply to all branches of the legal profession; specialists in particular branches are not to be considered as exempt from the application of these principles.

42. Notice of Specialized Legal Service. Where a member is engaged in rendering a specialized legal service directly

of the Rules Governing the State Bar of Texas, promulgated by the Supreme Court of Texas, Vernon's Ann.Civil Statutes, Volume 1A (1959) Pages 233 ff. Opinion 289, *inter alia*, reads as follows:

"A registered U. S. Patent Attorney may list himself as a Patent Attorney in the classified or city directory or in any other manner permitted by pertinent patent regulations, if he limits his practice to the scope of his license from the U. S. Patent Office; but the Registered U. S. Patent Attorney who also practices law under or by reason of his Texas license may not list himself or his qualifications on letterheads or in a telephone directory or in any other way forbidden to other Texas laywers. Except as provided in Canons 39 and 42 and the pertinent interpretative opinions, the fact that the scope of one's practice is influenced by the existence of a limited-license from another source such as the U. S. Patent Office is immaterial and may not be used as the basis of any direct or indirect solicitation or advertisement."

The opinion concludes, in part:

"Thus the one who holds both a limited license from the Federal agency and a general license from the State of Texas has no problem if he limits his practice to the scope of his limited license. * * * But if he wishes to practice under his general state license, he must conform to state standards, and this means that all 'specialists' are handled as general practitioners (Canon 41) and that as a *Texas lawyer* he cannot hold himself out by means of letterheads, calling cards, office sign, etc., as having any special talents or qualifications."

■ The Texas Bar Rules are at least quasi-statutory, State ex rel. Chandler v. Dancer, Ct. of Civ.App., 1965, 391 S.W. 2d 504, and have the same legal effect as the Texas Rules of Civil Procedure,

Rattikin Title Co. v. Grievance Committee of the State Bar of Texas, Ct. of Civ. App., 1954, 272 S.W.2d 948.

The appellant contends that Opinion 289, delivered pursuant to State Bar Rules, is contrary to a federal statutory scheme and therefore invalid.

The United States Constitution specifically grants Congress the power to:

" * * * promote the Progress of Science and Useful Arts, by securing for limited·times to inventors the exclusive rights to their respective writings and discoveries * * * " Art. I, § 8.

By statute, Congress has delegated to the United States Commissioner of Patents authority to "prescribe regulations, governing the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Patent Office * * *." 35 U.S.C.A. § 31.

Pursuant to this authorization, the Commissioner promulgated the following Regulation:

"(a) The use of advertising, circulars, letters, cards, and similar material to solicit patent business, directly or indirectly, is forbidden as unprofessional conduct, and any person engaging in such solicitation, or associated with or employed by others who so solicit, shall be refused recognition to practice before the Patent Office or may be suspended, excluded or disbarred from further practice.

"(b) The use of simple professional letterheads, calling cards, or office signs, simple announcements necessitated by opening an office, change of association, or change of address, distributed to clients and friends, and insertion of listings in common form (not display) in a classified telephone or city directory, and listings and professional cards with biographical data

and only to other members, a brief, dignified notice of that fact, couched in language indicating that it is addressed to members, inserted in legal periodicals

and like publications, when it will afford convenient and beneficial information to members desiring to obtain such service, is not improper.

in standard professional directories shall not be considered a violation of this rule.

"(c) Omitted." 37 C.F.R. § 1.345.

■ This Regulation has been held to be valid and within the authority of the Commissioner of Patents. Evans v. Watson, 1959, 106 U.S.App.D.C. 108, 269 F.2d 775, cert. den. 361 U.S. 900, 80 S. Ct. 213, 4 L.Ed.2d 157.

■ At the outset it might be well to note that federal patent laws, like other laws of the United States enacted pursuant to constitutional authority, are a part of the supreme law of the land, and when state law touches on an area of those federal statutes, federal policy may not be set at naught and its benefits may not be denied by state law, even if the state law is enacted in the exercise of otherwise undoubted state power. The Supreme Court specifically so held in Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), reh. den. 376 U.S. 973, 84 S.Ct. 1131, 12 L.Ed.2d 87.

In determining whether a Treasury Regulation preempted an inconsistent provision of Texas law, the Supreme Court in Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962) said:

"[T]he relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for the framers of our Constitution provided that the federal law must prevail. Art. VI, Clause 2. This principle was made clear by Chief Justice Marshall when he stated for the Court that any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield. Gibbons v. Ogden, 9 Wheat. 1, 210–211 [6 L.Ed. 23] [Citations omitted] * *." Free, 369 U.S. at 666, 82 S.Ct. at 1092.

This reasoning was reiterated by the Court in Sperry v. State of Florida ex rel. Florida Bar, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428, 438 (1963), where Florida sought to enjoin a non-lawyer authorized by federal statute to practice before the Commissioner of Patents, from practicing in that state because he had no law license. The Court rejected the State's contention that it had the authority to enjoin in that instance.

"[If] the authorization [to practice before the Commissioner without a license] is unqualified, then, by virtue of the Supremacy Clause, Florida may not deny to those failing to meet its own qualifications the right to perform the functions within the scope of the federal authority. A State may not enforce licensing requirements which, though valid in the absence of federal regulation, give 'the State's licensing board a virtual power of review over the federal determination' that a person or agency is qualified and entitled to perform certain functions, or which impose upon the performance of the activity sanctioned by federal license additional conditions not contemplated by Congress. 'No state can hinder or obstruct the free use of license granted under an act of Congress'. Pennsylvania v. Wheeling & B. Bridge Co., 13 How. 518, 566, 14 L.Ed. 249." Sperry, 373 U.S. at 385, 83 S.Ct. at 1326.

While recognizing a state's right to control the practice of law within its boundaries, the Court determined that the power was not absolute:

"Congress having acted within the scope of the powers 'delegated to the United States by the Constitution', it has not exceeded the limits of the Tenth Amendment despite the concurrent effects of its legislation upon a matter otherwise within the control of the State. * * *" Sperry, 373 U.S. at 403, 83 S.Ct. at 1335.

It was further said in *Sperry:*

"The rights conferred by the issuance of letters patent are federal rights. It is upon Congress that the Constitution has bestowed the power 'to promote the Progress of Science and useful Arts, by securing for limited times to Authors and Inventors

the exclusive Right to their respective Writings and Discoveries', Art. I, § 8, Clause 8, and to take all steps necessary and proper to accomplish that end, Art. I, § 8, Clause 18, pursuant to which the Patent Office and its specialized bar have been established."

The Court concluded:

"The authority of Congress is no less when the state power which it displaces would otherwise have been exercised by the state judiciary rather than by the state legislature. cf. Pennsylvania R. Co. v. Public Service Comm., 250 U.S. 566, 40 S.Ct. 36, 64 L.Ed. 1142."

The Texas State Bar concedes that its Rules "have the force and effect of statutes in this state" and argues that the practice of law is a privilege both conferred and regulated by state law. We unhesitatingly agree with the latter proposition, so long as state action is not in derogation of the Constitution or federal legislation enacted agreeably thereto.

It is earnestly urged, as the District Court held, that a federal license to practice before the Patent Office is a limited license, that its scope is limited to those services necessary to the accomplishment of the federal objectives of the patent system, that these federal objectives are the preparation of patent applications and amendments thereto and the rendition of opinions on patentability, that these federal objectives are within the scope of the practice of a patent agent, that the scope of the practice of a patent attorney is necessarily broader, that if appellant were only an agent he would be entitled to advertise his services as provided by 37 C.F.R. 1345, that appellant does not so limit his practice, that appellant's law practice exceeds the above-delineated federal objectives, and therefore the federal regulations pertaining to the advertisement of appellant's services do not control, rather the Texas State regulations control and Opinion 289 is "not void as interfering with and contravening federal law".

We are unable to agree with this reasoning. An attorney engaged in patent practice is obviously, inescapably, and inseparably performing within a field committed by the Constitution to the regulation of the general government.

The Supreme Court recognized that practicing before the Patent Office is practicing law. Sperry was not licensed to practice law in any state; he was licensed as an agent by the Patent Office. Florida was not allowed to regulate or interfere. We are of the opinion that the patent attorney is entitled to the benefit of the same rule. He performs all the functions of an agent, but more besides. For example, he can handle patent litigation in the courts. This, however, is only a difference in degree. We can detect no logic in the idea that while the lesser activity is to enjoy the protection to be derived from the federal statutory scheme the major function may not.

Moreover, there is a valid reason for permitting the patent attorney to indicate his specialty in an appropriate manner, such as in classified telephone directories. In most areas of this Country such attorneys are few and far between. No public interest is to be served, rather it would be hampered, by requiring a citizen to search from office to office, from city to city, like looking for a needle in the haystack, until, at last, he eventually might find a patent attorney.

The Texas State Bar additionally argues that there is no real conflict between Opinion 289 and the Patent Office Regulations. Again, we must disagree. Admittedly, the Opinion makes no effort absolutely to prohibit a patent attorney from listing himself specially in the classified directory. It does say, however, that if one exercises this federally authorized privilege he shall thereby forfeit another which is uniformly accorded to all members of the bar as a matter of course. In the words of a distinguished Senior Judge of this Court, "This will no do". If by state law or regulation, in order to enjoy a privilege emanating

from the Supremacy Clause one must surrender a state privilege uniformly granted to all others of like status, then the inconsistency is irreconcilable and the conflict is not to be parsed away.

It is a legitimate objective of Patent Law that every registered patent attorney may make known his specialty in the manner prescribed by C.F.R. 1.345(b). That Regulation is not limited to those who restrict their practice solely to the patent field. The effect of Opinion 289 is to deny a privilege entitled to federal protection. Opinion 289 is invalid and may not be enforced.

The parties have raised, briefed, and argued other issues. We regard the foregoing as dispositive and refrain from further discussion.

The Judgment of the District Court is reversed and the cause is remanded with directions that appropriate relief be granted.

Reversed and remanded.