Ely SILVERMAN, Petitioner,

v.

The STATE BAR OF TEXAS, Defendant.

Civ. A. No. 1576.

United States District Court
W. D. Texas,
Austin Division.

March 27, 1969.

Elsie Brown Silverman, Silverman & Silverman, Amarillo, Tex., John C. Stahl, San Antonio, Tex., for petitioner.

Davis Grant, Gen. Counsel, Austin, Tex., for defendant.

## ORDER FOR PERMANENT INJUNCTION

ROBERTS, District Judge.

On the 16th day of October 1967, the action for declaratory and injunctive relief filed by Petitioner Ely Silverman against the Defendant The State Bar of Texas challenging the validity of a regulation of the Texas State Bar came on for trial before this District Court without a jury, having been submitted to the District Court upon agreed and stipulated facts and written briefs filed by both parties, and the District Court having found for the Defendant and dismissed the complaint on the merits and denied the relief prayed for by the Petitioner;

And the Petitioner thereupon filed Appeal to the United States Court of Appeal for the Fifth Circuit, (Appeal No. 25582) and both parties having filed briefs and the cause agreed by attorneys;

And the Court of Appeals on the 11th day of December 1968 reversed the judgment of the District Court and remanded the cause with directions that appropriate relief be granted, 405 F.2d 410.

That the reasons for the issuance of this order are based on the following findings and opinions:

Petitioner, Ely Silverman is a practicing attorney of Amarillo, Texas, licensed by the State of Texas and in good standing. He is also a Registered Patent Attorney, enrolled by the United States Commissioner of Patents. He lists himself under "Attorneys" in the classified section of the local telephone directory and likewise lists himself under "Patent Attorney" in the same classified section.

On June 19, 1964, the appropriate committee of the Texas State Bar, which is an integrated bar, issued Opinion 289 interpreting Canons 24, 39, 41 and 42 of the Rules Governing the State Bar of Texas, promulgated by the Supreme Court of Texas, Vernon's Civil Statutes, Annotated, Volume 1A (1959) Pages

233 ff. Texas State Bar Canon of Ethics, State Bar Rules, Art. XIII, § 3, state:

39. Professional Card. The customary use of professional cards is permissible. The professional card of a member may with propriety contain only a statement of the member's name (and the names of lawyers associated with him), profession, address, telephone number, and special branches of the profession practiced. The professional card, or a professional listing, may be inserted in reputable law lists and law directories. The listing shall contain only such matter permitted in the professional card, but may include a brief biographical sketch of the lawyer and his associates, and, with their written consent, the names of not more than six representative clients for whom the lawyer and his associates are regularly employed as counsel.

41. Specialists. These rules apply to all branches of the legal profession; specialists in particular branches are not to be considered as exempt from the application of these principles.

42. Notice of Specialized Legal Service. Where a member is engaged in rendering a specialized legal service directly and only to other members, a brief, dignified notice of that fact, couched in language indicating that it is addressed to members, inserted in legal periodicals and like publications, when it will afford convenient and beneficial information to members desiring to obtain such service, is not improper.

Opinion 289, inter alia, reads as follows:

"A registered U. S. Patent Attorney may list himself as a Patent Attorney in the classified or city directory or in any other manner permitted by pertinent patent regulations, if he limits his practice to the scope of his license from the U. S. Patent Office; but the Registered U. S. Patent Attorney who also practices law under or by reason of his Texas license may not list himself or his qualifications on letterheads or in a telephone directory or any other way forbidden to other Texas lawyers. Except as provided in Canons 39 and 42 and the pertinent interpretative opinions, the fact that the scope of one's practice is influenced by the existence of a limited-license from another source such as the U. S. Patent Office is immaterial and may not be used as the basis of any direct or indirect solicitation or advertisement."

The opinion concludes, in part:

"Thus the one who holds both a limited license from a Federal agency and a general license from the State of Texas has no problem if he limits his practice to the scope of his limited license. * * * But if he wishes to practice under his general state license, he must conform to state standards and this means that all 'specialists' are handled as general practitioners (Canon 41) and that as a *Texas lawyer* he cannot hold himself out by means of letterheads, calling cards, office sign, etc., as having any special talents or qualifications."

The United States Constitution specifically grants Congress the power to:

"* * * promote the Progress of Science and Useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries * * *" Art. I, § 8.

By statute, Congress has delegated to the United States Commissioner of Patents authority to "prescribe regulations, governing the recognition and conduct of agents, attorneys, or other persons representing applicants or other parties before the Patent Office * *." 35 U.S.C.A. § 31.

Pursuant to this authorization, the Commissioner promulgated the following Regulation:

"(a) The use of advertising, circulars, letters, cards, and similar material to solicit patent business directly or indirectly, is forbidden as unprofessional conduct, and any person engaging in such solicitation, or associated with or

employed by others who so solicit, shall be refused recognition to practice before the Patent Office or may be suspended, excluded or disbarred from further practice.

"(b) The use of simple professional letterheads, calling cards, or office signs, simple announcements necessitated by opening an office, change of association, or change of address, distributed to clients and friends, and insertion of listings in common form (not display) in a classified telephone or city directory, and listings and professional cards with biographical data in standard professional directories shall not be considered a violation of this rule.

"(c) Omitted." 37 C.F.R. § 1.345.

Federal patent laws, like other laws of the United States enacted pursuant to constitutional authority, are a part of the supreme law of the land, and when state law touches on an area of those federal statutes, federal policy may not be set at naught and its benefits may not be denied by state law, even if the state law is enacted in the exercise of otherwise undoubted state power.

The practice of law is a privilege both conferred and regulated by state law so long as state action is not in derogation of the Constitution or federal legislation enacted agreeably thereto. An attorney engaged in patent practice is obviously, inescapably, and inseparably performing within a field committed by the Constitution to the regulation of the general government. Opinion 289 does say that if one exercises this federally authorized privilege he shall thereby forfeit another which is uniformly accorded to all members of the bar as a matter of course. If by state law or regulation, in order to enjoy a privilege emanating from the Supremacy Clause one must surrender a state privilege uniformly granted to all others of like status, then the inconsistency is irreconcilable and the conflict is not to be parsed away.

It is a legitimate objective of Patent Law that every registered patent attorney may make known his specialty in the manner prescribed by C.F.R. 1.345. That regulation is not limited to those who restrict their practice solely to the patent field. The effect of Opinion 289 is to deny a privilege entitled to federal protection. Opinion 289 is invalid and may not be enforced.

That the acts sought to be restrained are:

1. Enforcement of Opinion 289 of the State Bar of Texas; and

2. Exacting conditions from an attorney and counselor at law licensed by the Supreme Court of the State of Texas, who is also a Registered Patent Attorney, that if said attorney exercises a federally authorized privilege he shall forfeit another privilege which is uniformly accorded to all members of the bar, or making the conformance of such an attorney to federal laws a misconduct under the state quasi-statutory rules;

That, as set forth in Rules of Civil Procedure for the U. S. District Court, Rule 65(d) this injunction is binding only upon the Defendant, The State Bar of Texas, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

That, it is the opinion of the Court that the relief prayed for should be granted, it is therefore ordered, adjudged and decreed that the Defendant, The State Bar of Texas, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice order by personal service or otherwise, and each of them, be, and they are hereby permanently and perpetually enjoined from enforcement of Opinion 289 of the State Bar of Texas and from exacting conditions

from an attorney and counselor at law licensed by the Supreme Court of the State of Texas, who is also a Registered Patent Attorney, that if said attorney exercises a federally authorized privilege he shall forfeit another privilege which is uniformly accorded to all members of the bar, or making the conformance of such an attorney to federal laws a misconduct under the state quasi-statutory rules.

It is further ordered, adjudged and decreed by the Court that the Defendant do pay all costs of suit for all of which let writ of injunction writ of execution issue.