# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 19, 2010

The Honorable Jo Anne Bernal
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0817

Re: Whether the El Paso County Attorney may provide legal advice and representation to the El Paso County Ethics Commission (RQ-0847-GA)

Dear Ms. Bernal:

Chapter 161 of the Local Government Code authorizes a county[1] to create a county ethics commission. TEX. LOC. GOV'T CODE ANN. § 161.051(a) (West Supp. 2010). You tell us that the El Paso County Commissioners Court has created the El Paso County Ethics Commission (the "Commission").[2] At the request of the Commission, you ask several questions about the Commission and the El Paso County Attorney's relationship to the Commission. Letter Brief at 1.

We first address whether "legal representation of the Commission fall[s] within the scope of the El Paso County Attorney's constitutional and statutory duty to provide legal representation to county entities and officials[.]" Id. at 1–2.[3] Chapter 161 expressly provides that "[t]he county attorney, or district attorney, or criminal district attorney, as appropriate, with the duty to represent the county in civil matters shall represent the commission in all legal matters." TEX. LOC. GOV'T

---

[1]Chapter 161 applies only to El Paso County. See TEX. LOC. GOV'T CODE ANN. § 161.001 (West Supp. 2010) (applying to a county of 650,000 or more on the international border and that had an ethics board before September 1, 2009). A law applying to one county based on a population classification violates article III, section 56, of the Texas Constitution if the classification is not reasonably related to the object to be accomplished. Smith v. Decker, 312 S.W.2d 632, 634–36 (Tex. 1958). Because your request does not squarely embrace this issue, we will not attempt to resolve it.

[2]Letter Brief from Honorable Jo Anne Bernal, at 2 (attached to Request Letter) (available at http://www.texasattorneygeneral.gov).

[3]Your first question is whether the Commission is a "county entity." Id. at 1. We have found no legal authority directly addressing your question. However, we note that the Commission is a "county" commission created by order of the county commissioners court or the electors of a county; governed by members appointed by several county officials, inter alia; granted jurisdiction over county public servants; and dissolved by a process initiated by the petition of county residents. TEX. LOC. GOV'T CODE ANN. §§ 161.002–.304 (West Supp. 2010). Cf. Tex. Att'y Gen. Op. No. GA-0074 (2003) at 2 (opining that a county bail bond board was a "county entity" because county bail bond boards are created in each county and function in that county; a significant portion of the board members are ex-officio county officers or their designees; and court opinions had described the boards as performing county governmental functions).

CODE ANN. § 161.061 (West Supp. 2010). The word "shall" generally imposes a duty. TEX. GOV'T CODE ANN. § 311.016 (West 2005). The county attorney represents the county in civil matters. *Id.* § 45.171(a) (West 2004). Therefore, section 161.061 generally requires the county attorney to represent the Commission.

You next ask whether the county attorney has "a conflict of interest in providing legal advice and representation to the Commission[.]" Letter Brief at 1, 3. In answering your question, we note that the state Committee on Professional Ethics has a duty to "express its opinion on the propriety of professional conduct other than on a question pending before a court of this state" at the request of a member of the bar or on its own motion. TEX. GOV'T CODE ANN. § 81.092(a) (West 2005). Thus, a question about whether you have a conflict of interest as an attorney should be directed to the Committee on Professional Ethics. *See* Tex. Att'y Gen. Op. No. GA-0719 (2009) at 3 (declining to opine on an action governed by the Texas Disciplinary Rules of Professional Conduct). We also note that the Commission "shall adopt, publish, and enforce an ethics code governing county public servants" that applies, inter alia, to the county attorney. TEX. LOC. GOV'T CODE ANN. § 161.101(a) (West Supp. 2010). *See also id.* § 161.002(7), (8)(A) (providing that the term "county public servant" includes "a county officer" and that the term "county officer" is defined to mean, among others, a "county attorney"). The Commission has not adopted the ethics code at this time.[4] In drafting any portion of the ethics code that may relate to attorney conduct, the Commission should consider the issues you raise in the request letter, keeping in mind the requirements of relevant state law and the Texas Disciplinary Rules of Professional Conduct. *See Silverman v. State Bar of Tex.*, 405 F.2d 410, 412 (5th Cir. 1968) (finding that the Disciplinary Rules are quasi-statutory and have the same force as the Texas Rules of Civil Procedure).

Finally, you ask whether the Commission must have the county attorney's consent to hire outside legal counsel "to provide legal advice to the Commission." Letter Brief at 1, 4. The Local Government Code vests the county attorney with the responsibility to represent the Commission in court. TEX. LOC. GOV'T CODE ANN. § 161.061 (West Supp. 2010). Absent a valid ethical or other legal bar, the county attorney must do so. Whether the county attorney not only represents the Commission, but also advises it, might be a somewhat different question. Although we have found no legal authority that directly answers your question, section 161.061 is quite broad in assigning the county attorney authority to represent the Commission "in all legal matters." *Id.*[5] Moreover, this

---

[4]*See* El Paso County Ethics Commission, Regular Meeting Agenda (Oct. 14, 2010) item 6 (discussing the development of a code of ethics), *available at* http://www.epcounty.org/ethicsCom/meetings/2010-11-18/agenda.pdf (last visited Nov. 17, 2010).

[5]The county attorney's duty under Local Government Code section 161.061 to represent the Commission "in all legal matters" appears to be different from the "the duty . . . to represent the . . . County in all civil matters" under Government Code section 45.171. *Compare* TEX. LOC. GOV'T CODE ANN. § 161.061 (West Supp. 2010), *with* TEX. GOV'T CODE ANN. § 45.171(a) (West 2004). *See also In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) (presuming that the Legislature purposely includes and excludes words in statutes). The phrase "all legal matters" does not refer to criminal matters. *See* TEX. GOV'T CODE ANN. §§ 43.120(b)–(c) (West Supp. 2010) (providing that the district attorney represents the state in all criminal cases), 45.171(b) (West 2004) (granting the county attorney the duty to prosecute only
(continued...)

office has opined that the El Paso County Bail Bond Board, which, like the Commission, performs county governmental functions and is composed largely of county officials or their designees, could not hire outside legal counsel without the county attorney's consent. Tex. Att'y Gen. Op. No. GA-0074 (2003) at 2–3. That opinion reasoned that Government Code sections 41.007 and 45.171, statutes which are, if anything, less expansive in their assignment of authority to the county attorney than is section 161.061, imposed a duty on the county attorney to advise and represent the Bail Bond Board and that the county attorney could not be involuntarily divested of that duty. *Id.* at 2 (citing Government Code sections 41.007 and 45.171, which require the county attorney to provide written legal advice to a county official about the official's duties on request and to represent the county in all civil matters, respectively). *See also id.* ("There is a functioning El Paso county attorney who cannot be divested of his duties against his will.").

It has been suggested that the Commission may hire outside counsel under Local Government Code section 161.101(d), which provides that a "commission shall be assigned staff by the county and provided access to county resources to assist in its duties." Letter Brief at 4; TEX. LOC. GOV'T CODE ANN. § 161.101(d) (West Supp. 2010). However, section 161.101(d) is, by itself, insufficient to modify the county attorney's duty under section 161.061. *See* Tex. Att'y Gen. Op. No. GA-0074 (2003) at 3 (opining that El Paso County Bail Bond Board's authority to "'employ persons necessary to assist in board functions,' is not sufficient to" prevent the county attorney from advising and representing the Bail Bond Board (quoting section 1704.101(8) of the Occupations Code)). To the extent that the facts and laws at issue in GA-0074 are similar to those at issue in your question, GA-0074 indicates that the county attorney has a duty to advise the Commission. Therefore, it could be an improper usurpation of the county attorney's authority under section 161.061 if outside legal counsel were hired solely pursuant to section 161.101(d) to represent the Commission over the objection of the county attorney.

---

[5](...continued)
health and environmental misdemeanors). Because the county attorney's duty to represent the Commission in "all legal matters" is different from the duty to represent the county in "civil" and "criminal" matters, the duty under section 161.061 could include providing legal advice that does not involve representation in court.

## S U M M A R Y

Pursuant to section 161.061 of the Texas Local Government Code, the county attorney of El Paso County is required to represent the El Paso County Ethics Commission in all legal matters. It could be an improper usurpation of the county attorney's authority under section 161.061 if outside legal counsel were hired solely pursuant to section 161.101(d) of the Local Government Code to represent the Commission over the objection of the county attorney.

Requests for opinions regarding the propriety of a county attorney's representation under the Texas Disciplinary Rules of Professional Conduct should be addressed to the Texas Committee on Professional Ethics. Questions about actions of the county attorney under the County Ethics Code are for the Commission, in the first instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee