**Sam F. DAVIS, and Freda Davis, Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION et al., Defendants.**

**Civ. A. No. C–5087.**

United States District Court, D. Colorado.

Jan. 11, 1974.

Robert L. Pitler, Denver, Colo., for plaintiffs.

James L. Treece, U. S. Atty., Denver, Colo., and James P. Klapps, Trial Atty., Civil Div., Dept. of Justice, for the United States.

White & Steele, Denver, Colo., for defendants, F. D. I. C. and Frank Wille.

Paul Brown, Sherman, Tex., for defendant, Ted Bristol.

## OPINION AND ORDER

CHILSON, District Judge.

Plaintiffs seek by this action, to recover damages alleged to have been sustained when the Sharpstown State Bank of Texas was closed by the F.D.I.C.

Plaintiffs allege that the defendants were negligent and that such negligence was the proximate cause of plaintiffs' damages.

The action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq.

The defendant, Bristol, an employee of F.D.I.C., moves the Court to quash service of process made upon him in the State of Texas. Defendants F.D.I.C. and the United States move to dismiss the complaint for its failure to state a claim upon which relief can be granted.

Briefs have been filed in support of and in opposition to all three motions.

### BRISTOL

Bristol was personally served with process in the State of Texas. This service is ineffective and should be quashed.

Plaintiffs rely on 28 U.S.C.A. § 1391(e) in support of the service of process. It states in pertinent parts:

"§ 1391. Venue Generally . . .

(e) A civil action in which each defendant is an officer or employee of

the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . (4) the plaintiff resides if no real property is involved in the action.

"The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought."

■ However, § 1391(e) was not the whole statute which Congress enacted in 1962. § 1391(e) was the second section of Public Law No. 87–748 enacted October 5, 1962, the first section being what has been codified as 28 U.S.C.A. § 1361. The two sections must be read together. Natural Resources Defense Council Inc., v. Tennessee Valley Authority, 459 F.2d 255 (2d Cir. 1972).

28 U.S.C.A. § 1361 provides:

"The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■ Since the action at bar is one for damages arising out of an alleged tort, the Act does not authorize the service of process upon Bristol in Texas.

The purpose of § 1391(e) was to "broaden the venue of civil actions which could previously have been brought only in the District of Columbia." Schlanger v. Seamans, 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).

### F.D.I.C.

■ Defendant, F.D.I.C., urges that the plaintiffs have failed to state a claim against it because the federal agency cannot be sued in this action. The F.D.I.C. being a federal agency, comes within the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) and 28 U.S.C.A. § 2671 et seq.

■ Under 28 U.S.C.A. § 2679, the exclusive remedy is against the United States, and the federal agency responsible for the alleged tort cannot be sued. Freeling v. F. D. I. C., 221 F.Supp. 955, aff'd 326 F.2d 971 (10th Cir. 1963). The *Freeling* case appears to control the issue before the Court and the defendant F.D.I.C.'s motion to dismiss should be granted.

### UNITED STATES

Defendant, United States, moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Its motion is based upon alleged immunity from liability by 28 U.S.C.A. § 2680(a) which provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—(a) Any claim based upon an omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government whether or not the discretion involved be abused."

In construing the reach of the discretionary function exception, the United States Supreme Court stated:

"It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty,' that cannot form a basis for suit, under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications, or schedules of operations. Where there is room for policy

judgment and decision, there is discretion. . ." Dalehite v. U. S., 346 U.S. 15, 35–36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953).

For the purposes of considering the Government's motion to dismiss, the Court accepts the allegations of the complaint as true. The negligent acts and omissions alleged in the complaint are in substance:

1. That Bristol, an examiner for the F.D.I.C., knowing the Bank "was in immediate financial danger" failed to so advise his employer F.D.I.C.; and,

2. That on February 25, 1967, a concurrent F.D.I.C. and state examination showed a deterioration in the financial condition of the Bank; that from subsequent examinations and other information, the F.D.I.C. knew the financial condition of the Bank continued to deteriorate and eventually the Bank became insolvent; and the F.D.I.C. failed to disclose this information to the general public until January 25, 1971, at which time the F.D.I.C. caused the Bank to be closed and thereafter liquidated.

As to the failure to disclose information within the F.D.I.C., it is difficult to see how this caused a loss to the plaintiffs. If the information was disclosed, the determination to take further action would have been discretionary with the F.D.I.C. Under 12 U.S.C. A. § 1818(a), the F.D.I.C. could terminate the "insured" status of the bank, however, the language of the statute makes it clear that this is a discretionary function.

Similarly under 12 U.S.C.A. § 1818(b), the F.D.I.C. can issue cease and desist orders if, "in the opinion of the appropriate Federal banking agency" the bank is engaging in unsound practices. This too, appears to be a determination left to the discretion of the agency.

As to the failure of F.D.I.C. to disclose the information to the public, plaintiffs contend that had the true facts been made public, they would not have deposited their money in the Bank and thus would not have sustained a loss.

We find nothing in the statute or the case law which imposes upon the F.D. I.C. a duty to advise the general public on an insured bank's financial condition, be it good or bad. Since the F.D.I.C. was under no duty to disclose to the public its failure to do so is not actionable.