**GENERAL HEAT AND POWER CO., INC., Plaintiff,**

**v.**

**DIVERSIFIED MORTGAGE INVESTORS, a Massachusetts Business Trust, Defendant.**

Civ. No. 74–871.

United States District Court, M. D. Pennsylvania.

Feb. 12, 1975.

Charles W. Gross, Philadelphia, Pa., for plaintiff.

S. Keene Mitchell, Jr., Wilkes-Barre, Pa., for defendant.

## OPINION

MUIR, District Judge.

The Defendant Diversified Mortgage Investors is a so-called Massachusetts Business Trust. On December 1, 1972, it recorded in Luzerne County, Pennsylvania a mortgage in its favor from Eastern Pennsylvania Marine Properties, Inc., a Pennsylvania Corporation, covering Pennsylvania realty.

The Plaintiff, General Heat and Power Company, Inc., is a general contractor who had entered into an agreement with Eastern Marine in connection with the construction of certain residential units, condominium buildings, and a sports arena. These were the properties subject to the mortgage held by Diversified. General Heat alleges that it entered into this agreement in reliance on Eastern Marine's loan agreement with Diversified.

General Heat alleges that it performed substantial labor and services and supplied substantial material under its contract with Eastern Marine through August, 1974 but that it received no payment from Eastern Marine for its performance during the months of April, May, June, July, and August, 1974.

General Heat has filed this complaint against Diversified alleging that the Defendant at some point in the construction of the building complex fraudulent-

tion of the building complex fraudulent-with Eastern Marine and failed to notify General Heat of this termination, all the while having full knowledge that General Heat was continuing to perform services which would enhance the value of the security interest which Diversified held in the property in question. General Heat also alleges that it is a third-party beneficiary of the loan agreement between Diversified and Eastern Marine. Further, it alleges that Diversified violated that loan agreement by failing to provide funds following receipt of a written request for such disbursements.

Diversified has filed a motion to dismiss. Its grounds for dismissal are that it is not amenable to service of process and that the complaint fails to state claims upon which relief can be granted. The Court need consider only Diversified's first contention.

■ Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, this Court must look to the Pennsylvania service of process statute, 1972, November 15, P.L. ——, No. 271, §§ 8301–8310, 42 Pa. S. §§ 8301–8310. Sections 8301, 8302, and 8304 of the service-of-process

statute all require "doing business" in the Commonwealth by the party sought to be served. Since, by virtue of the exception found in § 8309(c),[1] Diversified, whose only activity in Pennsylvania involved the lending of money and the concomitant acquisition of a mortgage, was not "doing business" here, it is amenable to service of process only if the provisions of §§ 8303 and 8305 [5] apply to it.

■ General Heat frames the issue as a question of whether or not Diversified is an "individual" or a "corporation". We prefer to resolve the question by looking specifically at the wording of §§ 8303 and 8305. Both those sections refer to "any nonresident . . . *acting individually* . . ." It is the opinion of this Court that it would require semantic contortions to say that Diversified was "acting individually" in this case. The loan with Eastern Marine was not negotiated by the members of the Massachusetts Business Trust as individuals nor were those members sued in their individual capacity. Consequently, we do not think that Diversified can be served under § 8303 and § 8305.

1. § 8309 "(c) Exception.—Notwithstanding any other provision of this section, for the purposes of determining jurisdiction of courts within this Commonwealth, inspecting, appraising and acquiring real estate and mortgages, and other liens thereon, and personal property and security interest therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise, or collecting debts and enforcing mortgages and rights in property securing the same by any foreign corporation shall not constitute "doing business."

2. "§ 8303. Commission of tortious acts by individuals
Any nonresident of this Commonwealth who, acting individually, under or through a fictitious business name, or through an agent, servant or employee, shall have committed a tortious act within this Commonwealth on or after August 30, 1970, or any such individual who at the time of the commission of the tortious act within this Commonwealth was

a resident of this Commonwealth who shall subsequently become a nonresident or shall conceal his whereabouts, shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual.
§ 8305. Causing harm by individuals
Any nonresident of this Commonwealth, who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter."

Since service of process cannot be obtained on Diversified under the provisions of the Pennsylvania service-of-process statute, Diversified's motion to dismiss for lack of process will be granted.

An appropriate Order will issue.