Muhammad KENYATTA et al., Plaintiffs,

v.

Clarence KELLEY et al., Defendants.

Civ. A. No. 71–2595.

United States District Court,
E. D. Pennsylvania.

March 31, 1977.

David Rudovsky, Philadelphia, Pa. and John H. F. Shattuck, American Civil Liberties Union, New York City, for plaintiffs.

Gordon W. Daiger, Sp. Civ. Litigation Section, U. S. Dept. of Justice, Washington, D. C., for defendants.

## OPINION

DITTER, District Judge.

This is a civil rights action in which plaintiffs seek declaratory and injunctive relief and monetary damages against various officials of the Federal Bureau of Investigation and the Department of Justice. Presently before the court is the motion to dismiss Count II[1] of the amended complaint insofar as it claims money damages from various defendants sued in their individual capacities.[2] For the reasons that follow the motion will be granted.

Plaintiffs originally filed suit on October 27, 1971, naming as defendants then FBI Director J. Edgar Hoover, then Attorney General John N. Mitchell, and Joe D. Jamieson who at that time was the Special Agent in Charge of the Philadelphia FBI office. In the original complaint these defendants were sued in their official capacities only and the remedy sought was limited to declaratory and injunctive relief against the Bureau's alleged gathering of information concerning protected First Amendment activities of the plaintiffs. On December 9, 1975, plaintiffs were granted leave to amend their complaint. The amended complaint deleted Hoover, but added as defendants present FBI director Clarence M. Kelley and Attorney General Griffin Bell;[3] William C. Sullivan, former Assistant to the Director of the FBI; Roy K. Moore, Special Agent in Charge of the Jackson, Mississippi FBI office; James O. Ingram, Inspector-Deputy Assistant Director of the FBI; and Thomas Fitzpatrick, Special Agent of the FBI. With the exception of Kelley and Bell, all of the defendants in the amended complaint are sued in both their official and individual capacities and monetary damages as well as declaratory and injunctive relief are sought against them. The allegations of the original complaint have become Count I of the amended complaint.

The new allegations are contained in Counts II and III of the amended com-

1. Although defendants' motion has been styled as seeking dismissal of Counts II and III, they concede that the wiretaps referred to in the latter count took place or at least caused harm in Pennsylvania. See Defendants Reply Brief at 20. I therefore will refuse to dismiss Count III at this time. However, I agree with defendants that this count is deficient in failing to specify which of the individual defendants are alleged to have participated in the wiretaps. Plaintiff is directed to correct this deficiency by filing a more definite statement within 10 days.

2. Also outstanding in this case is plaintiffs' motion for class action certification. At the government's request the parties agreed to have the court dispose of the present motion to dismiss prior to ruling on the class action motion and requested permission to file additional briefs on the class action question after the court's decision on the instant motion.

3. Pursuant to F.R.Civ.Proc. 25(d)(1), I am contemporaneously with this opinion entering an order substituting Griffin Bell for former Attorney General Edward Levi.

plaint. At this point it is sufficient simply to note that Count II pertains to the FBI's alleged "COINTELPRO" (Counterintelligence Program) operations directed against "black extremists" and/or "new left" groups and Count III involves alleged illegal interceptions of plaintiff Muhammad Kenyatta's oral and wire communications.

■ The present motion to dismiss Count II pertains only to the claims against certain defendants in their individual capacities. The basis for this motion is that the court lacks personal jurisdiction over these defendants.[4] The plaintiffs concede that all of the defendants sued individually have been or will have to be[5] served with process outside the territorial boundaries of this state[6] but claim that service nonetheless was proper either under the Pennsylvania long-arm statute or 28 U.S.C. § 1391(e).[7]

■ Treating plaintiffs' Section 1391(e) argument first, I join with the weight of authority in concluding that that statute does not apply where suit is brought against a federal official in his individual capacity. *Relf v. Gasch,* 167 U.S.App.D.C. 238, 511 F.2d 804, 807–08 nn. 15 & 18 (1975); *Davis v. Federal Deposit Insurance Corp.,* 369 F.Supp. 277, 279 (D.Colo.1974); *Paley v. Wolk,* 262 F.Supp. 640, 642–43 (N.D.Ill. 1965), cert. denied, 386 U.S. 963, 87 S.Ct. 1031, 18 L.Ed.2d 112 (1967); see *Green v. Laird,* 357 F.Supp. 227, 229–30 (N.D.Ill. 1973); cf. *Griffith v. Nixon,* 518 F.2d 1195 (2d Cir.) cert. denied, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975); *Natural Resources Defense Council v. Tennessee Valley Authority,* 459 F.2d 255 (2d Cir. 1972); *Liberation News Service v. Eastland,* 426 F.2d 1379 (2d Cir. 1970).[8]

■ Turning to the Pennsylvania long-arm statute, I note at the outset that plaintiff has the burden of pleading and proving jurisdiction. See *Parise v. AAA Warehouse Corp.,* 384 F.Supp. 1075, 1079 (W.D.Pa. 1974); *Socialist Workers Party v. Attorney General,* 375 F.Supp. 318, 326 (S.D.N.Y.

---

4. The defendants also contend that venue is improper in this district. In view of my conclusion that this court lacks personal jurisdiction over the defendants sued individually, I have no occasion to consider the venue question.

5. Defendants Mitchell and Jamieson have not been served with the amended complaint, however it is conceded that these defendants would have to be served outside of Pennsylvania.

6. Absent a federal or state statute or rule of court, Fed.R.Civ.Proc. 4(e) and (f) limit the district court's effective service of process to the territorial boundaries of the state in which the district court is held.

7. As amended by Pub.L. 94–574, § 3, 90 Stat. 2721, 28 U.S.C. § 1391(e) provides:

> (e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.
>
> The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

Plaintiffs rely specifically on subsection (4) of Section 1391(e) in as much as several of them reside in this district. The requirement that "the" plaintiffs reside in the forum district does not require that *all* plaintiffs reside there. See *Holtzman v. Richardson,* 361 F.Supp. 544, 552 (E.D.N.Y.), rev'd on other grounds, 484 F.2d 1307 (2d Cir. 1973), cert. denied, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974); *Natural Resources Defense Council v. Tenn. Valley Authority,* 340 F.Supp. 400, 405–06 (S.D.N.Y. 1971), rev'd on other grounds, 459 F.2d 255 (2d Cir. 1972).

8. But see *Lowenstein v. Rooney,* 401 F.Supp. 952 (E.D.N.Y.1975); *Wu v. Keeney,* 384 F.Supp. 1161 (D.D.C.1974). I must respectfully disagree with these two decisions, and note that the results reached therein seem clearly at odds with the law of the respective Circuits of which those courts are members. See *Griffith,* supra; *Relf,* supra.

1974). I find unpersuasive plaintiffs' argument that this court may exercise in personam jurisdiction over the defendants sued individually pursuant to Pennsylvania's long arm statute on the basis of their having committed tortious acts (42 Pa.C.S.A. § 8303), done business (42 Pa.C.S.A. § 8304), and caused harm (42 Pa.C.S.A. § 8305) in this Commonwealth. The record in this case simply fails to show that any of these defendants have had sufficient contacts with this Commonwealth to make them amenable to suit here on the cause of action alleged in Count II of the complaint.

Although Count II purports to seek redress in respect of

> a Series of 'Counterintelligence Programs' intended to disrupt, misdirect, discredit or otherwise render ineffective the political activities of American citizens or citizen organizations who have been denominated by the FBI as 'Black Extremists' or 'New Left'.[9]

the specific [10] allegations of that count relate primarily to activities directed against plaintiffs Muhammad and Mary Kenyatta which took place in and around Jackson, Mississippi, during 1968 and 1969. Plaintiffs have made no showing of how these activities had any connection with or impact in Pennsylvania. The only other specific allegation is contained in paragraph 33 of the complaint, which charges that certain (unnamed) defendants mailed political leaflets to plaintiff National Association of Black Students (NABS) for the purpose of disrupting its activities. But the complaint lists the NABS as being headquartered in Washington, D. C. and, again, there is no showing of how this activity impacted upon Pennsylvania.[11] Finally, plaintiffs' attempt to establish each individual defendant's forum-related contacts vicariously by alleging in broad, conclusory terms that all the acts recited in the complaint, no matter by whom (whether or not a named defendant) they may have been conducted, were part of a grand overall conspiracy must also fail. *Kipperman v. McCone,* 422 F.Supp. 860, 873 n.14 (N.D.Cal.1976); *Socialist Workers Party v. Attorney General,* supra. See also *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87 (2d Cir. 1975).

For the reasons stated above, Count II of the complaint, insofar as it seeks relief against defendants Mitchell, Sullivan, Ingram, Moore, Jamieson and Fitzpatrick individually, will be dismissed for lack of personal jurisdiction.[12]

**9.** Amended Complaint, paragraph 23. Paragraph 24 states that at least 362 COINTELPRO actions were carried out by the FBI, but nowhere does it allege that any of the named plaintiffs were the subjects of such actions, nor is it alleged which defendants were involved in which acts, nor that any of the activities either occurred in or had any impact in Pennsylvania.

**10.** As I have frequently had occasion to note, "in this Circuit, plaintiffs in civil rights cases are required to plead facts with specificity," *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922 (3d Cir. 1976), and this is true whether the action is against state officers under 42 U.S.C. § 1983 or against federal officers under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See, e. g. *Rende v. Rizzo,* 418 F.Supp. 96, 98–99 (E.D.Pa.1976).

**11.** To support jurisdiction against the defendants sued *individually* under Count II the plaintiffs also rely on certain other activities which took place in Pennsylvania and form part of the

basis for Count I of the complaint. But, as noted earlier, Count I does not seek relief against individual defendants; it is essentially a suit against the Department of Justice and the FBI nominally brought against the local and national heads of those agencies and in which only declaratory and injunctive relief is sought. Nowhere has it been alleged or shown that any particular defendant sued individually here participated in the Pennsylvania related acts recited in Count I. Cf. *Miller v. American Telephone & Telegraph Co.,* 394 F.Supp. 58 (E.D. Pa.1975) aff'd, 530 F.2d 964 (3d Cir. 1976); *General Heat & Power Co., Inc. v. Diversified Mortgage Investors,* 65 F.R.D. 697 (M.D.Pa. 1975).

**12.** Unlike the situation in *Socialist Workers Party,* supra, here the plaintiffs have had ample opportunity to and in fact have conducted extensive discovery. There is, therefore, no reason for delaying dismissal any longer.