**Lewis W. POE, Plaintiff,**

v.

**Charles F. G. KUYK et al., Defendants.**

**Civ. A. No. 76–292.**

United States District Court,
D. Delaware.

April 12, 1978.

Lewis W. Poe, pro se.

John X. Denney, Jr., Asst. U. S. Atty., Dept. of Justice, Wilmington, Del., for defendants.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

This case highlights the difficulties which occur when a plaintiff who is unhappy with the result obtained in one court attempts to proceed under a different theory of the case in a second court. Specifically, the issue is

whether a prior determination by another district court regarding the availability of nationwide service of process under 28 U.S.C. § 1391(e) is binding upon this court when the defendants remain the same but the capacity in which they are sued differs.

Proceeding *pro se,* plaintiff avers that while stationed at Dover, Delaware, as a pilot and captain in the United States Air Force, he was wrongfully and maliciously arrested, subsequently confined at Wright-Patterson United States Air Force Medical Center, Ohio and finally separated from military service pursuant to a medical disability. In a long and discursive complaint, plaintiff alleges that the roles played and decisions made by a number of defendant commanding officers,[1] culminating in his confinement and discharge, operated as a conspiracy in violation of the United States Constitution. Also alleging violations of the Air Force's own regulations, it is not apparent from the face of the complaint that plaintiff has availed himself of appropriate administrative remedies designed to cure defective discharges.[2]

Instead, he has chosen to proceed in this court against the named defendants, all of whom were servicemen at the time of the alleged violation.[3] Asserting a claim of damages against these defendants in their individual capacities, plaintiff has expressly disclaimed reliance on the Federal Tort Claims Act and has confirmed at oral argument, that he was not interested in pursu-

---

1. According to the complaint, at all times material to the action defendant Kuyk was Colonel or General, Commander of the 436th Military Airlift Wing, Dover Air Force Base, Delaware; defendant Colonel Jones was Vice Commander under defendant Kuyk; defendant Colonel McVicar was a Group Commander at Dover Air Force Base; defendant Colonel Conrad was Hospital Commander at Dover Air Force Base who was superceded in this position by defendant Colonel King; defendant Major Zykorie was psychiatrist at Dover Air Force Base; defendant Major Mitchell was psychiatrist at Wright-Patterson United States Air Force Medical Center, Ohio to which plaintiff was transferred; defendant Lt. Colonel Levinson

was Chief of the Psychology Service at Andrews Air Force Base, Maryland. Doc. No. 1.

2. According to the complaint, plaintiff filed inspector general requests with the Air Force which resulted in an allegedly defective investigation but he did not petition discharge review boards which have been established pursuant to 10 U.S.C. §§ 1552–53. Under 10 U.S.C. § 1552 a civilian board is empowered to review records to determine whether an error or an injustice has been committed.

3. At oral argument, plaintiff indicated his belief that some defendants continue to be in the service and that others are now separated.

ing either the United States as a defendant or the named defendants in their official capacities. Quite possibly the reason for this is that plaintiff has filed several suits in other districts which, based on the operative facts asserted here, rely upon these very theories of relief.[4]

The United States has entered an appearance on behalf of defendants and has moved to dismiss for insufficiency of service of process and lack of jurisdiction over the defendants, none of whom are located in Delaware. Official immunity and servicemen's immunity are advanced as other grounds for dismissal of the complaint. Finally, defendants claim that the complaint is so prolix and non-specific that a responsive answer is impossible. Apparently, the government is not overly concerned about the concurrent actions taken by plaintiff in other districts and has not sought dismissal pursuant to principles of judicial preclusion. However, this Court cannot indulge in so sanguine a view of this situation.

█ Modern forms of pleading permit and principles of judicial economy demand that all claims arising out of the same facts be presented at one time. It is simply not fair to require a defendant to return to court time and time again to defend against the same allegations as plaintiff moves from one theory of recovery to another. Likewise, it is not in the best interests of judicial economy to have the same facts litigated in multiple suits against different defendants if the defendants can be joined in one suit consistent with the principles of jurisdiction, venue and service. As this Court once stated:

> "At some point there should be finality for both the litigants and the courts. For the litigants, one thorough airing on a non-merits point should be enough. For the courts, there is achieved judicial economy inherent in avoidance of duplicative, successive litigation. Rather than encourage forum shopping, the federal system, heavily overburden with litigation which must be heard, should not countenance, and cannot afford the luxury of permitting the same plaintiff to litigate the same issue with no demonstration of changed circumstance which would affect the outcome. . . . " (footnote omitted)

*Pastewka v. Texaco, Inc.,* 420 F.Supp. 641, 646 (D.Del.1976), *aff'd,* 565 F.2d 851 (3d Cir. 1977).

█ Reasserting the general validity of this view, the Court concludes that it is particularly appropriate in the context of this case which is brought against military personnel who by virtue of their specialized mission have been insulated to some degree from judicial review.[5] If deference is paid

---

4. In response to a request from the Court, plaintiff supplied a listing which indicated that as of May 21, 1977, plaintiff had filed four suits in the District of Hawaii and one in the Southern District of Ohio, Western Division. Doc. No. 27. Of the suits filed in Hawaii, two name the United States as defendant and two name the individuals here sued. The case in Ohio was brought solely against defendant Mitchell, the psychiatrist who treated plaintiff. Mitchell was named in one of the suits brought in Hawaii and is a named defendant in the instant case.

In this communication to the Court, plaintiff invited the government to supply and the Court to consider the order dismissing the case in the Southern District of Ohio. The government provided orders in two cases brought by plaintiff against defendant Mitchell in Ohio which for convenience have been attached to plaintiff's letter. *Id.* Ex. A; Ex. B. In addition, because of the apparent similarity between the cases decided in the District Court of Hawaii and the instant case, the Court requested and received a copy of the complaint and order in Civil Action No. 76–0005. *Id.* Ex. C.

It developed these actions had been dismissed by the district courts and/or were pending appeal at the time this Court brought the matter to the Judicial Panel on Multidistrict Litigation. As a consequence, no action could have been taken by that Panel even if it had been so inclined.

5. Limitations upon judicial review have taken several forms. The doctrine of servicemen's immunity first articulated in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), as necessary to maintain military discipline and good morale prohibits suits against the United States for injuries incurred incident to military service. For like reasons, the doctrine has served to bar actions by servicemen brought against individual servicemen in negligence, *Martinez v. Schrock,* 537 F.2d 765 (3d Cir. 1976); *but cf. Henderson v. Bluemink,* 167

to the general proposition that the military should concentrate on defending the country instead of lawsuits, it ought to be applied with greater force when the same facts are sought to be litigated over and over again.

Against this background, the Court considers the motion to dismiss raising *inter alia* the question of whether service is proper upon these defendants. Because none of the defendants reside in Delaware and none have been properly served under F.R.Civ.P. 4,[6] service is sought to be effectuated under 28 U.S.C. § 1391(e) permitting nationwide service of process in certain circumstances.[7]

In a prior lawsuit against all these defendants filed in the District of Hawaii, plaintiff sought unsuccessfully to effectuate service under section 1391. The district court in Hawaii found plaintiff's reliance on section 1391 misplaced and dismissed the action concluding that "it ha[d] no jurisdiction over the defendants pursuant to Title 28, United States Code, Sections 1391(e) and 1361." [8] That decision is now on appeal in the Ninth Circuit.

Ordinarily, a determination regarding the sufficiency of service and in personam jurisdiction in one district would be a

---

U.S.App.D.C. 161, 511 F.2d 399 (1974), and those sounding in intentional tort. *Levin v. United States,* 403 F.Supp. 99 (D.Mass.1975); *James v. United States,* 358 F.Supp. 1381, 1385 (D.R.I.1973); *Rotko v. Abrams,* 338 F.Supp. 46 (D.Conn.1971), *aff'd,* 455 F.2d 992 (2d Cir. 1972). *See also Johnson v. United States,* 178 U.S.App.D.C. 391, 547 F.2d 688 (1976), in which the court dismissed a false imprisonment claim brought against the United States under the Federal Tort Claims Act for action of a military physician in committing the patient to a mental hospital.

Actions alleging constitutional torts or otherwise asserting constitutional violations on the part of the military have also been reviewed by the civilian courts only in narrow circumstances. Apart from habeas corpus claims asserting unlawful induction, which have a tradition of judicial review, the courts have not been expansive in their review of military actions. Departing only somewhat from the doctrine of total non-reviewability advanced by the Supreme Court in *Reaves v. Ainsworth,* 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225 (1911), and *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), and modified in *Harmon v. Brucker,* 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958), courts reviewing wrongful discharge cases have almost always required that the plaintiff exhaust his administrative remedies and have either dismissed the complaint on those grounds, *Sanders v. McCrady,* 537 F.2d 1199 (4th Cir. 1976); *Seepe v. Department of Navy,* 518 F.2d 760 (6th Cir. 1975); *Horn v. Schlesinger,* 514 F.2d 549 (8th Cir. 1975); *Hodges v. Callaway,* 499 F.2d 417 (5th Cir. 1974); *Covington v. Anderson,* 487 F.2d 660, 664 (9th Cir. 1973); or have held it in abeyance pending exhaustion, *Nelson v. Miller,* 373 F.2d 474 (3d Cir. 1967); *Sohm v. Fowler,* 124 U.S. App.D.C. 382, 365 F.2d 915 (1966), excusing exhaustion only where it would be futile. *Bard v. Seamans,* 507 F.2d 765 (10th Cir. 1974); *Rew v. Ward,* 402 F.Supp. 311 (D.N.Mex.1975). When the official is sued in his individual ca-

pacity, exhaustion of remedies has also been required prior to judicial inquiry into the defendant's official immunity defense. *Sanders v. McCrady, supra.* Background reading and discussion of prior cases can be found in Lunding, *Judicial Review of Military Administrative Discharges,* 83 Yale L.J. 33 (1973); Sherman, *Judicial Review of Military Determinations and the Exhaustion of Remedies Requirement,* 55 Va.L.Rev. 483 (1969).

6. Plaintiff represented at oral argument that four defendants had received papers, probably by certified mail, and three defendants had not been served at all. This leaves one defendant unaccounted for. Doc. No. 25 at 45.

7. 28 U.S.C. § 1391(e) provides:

(e) A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

Reliance is also placed on state law but Delaware does not authorize extra-territorial service except in narrow circumstances not applicable here and therefore will not be treated further. 10 *Del.C.* §§ 3101 *et seq.*

8. Doc. No. 27, Ex. C.

finding peculiar to the facts in that district such as whether the defendant resides there or has sufficient contacts in the forum and would not be especially relevant to a like inquiry in another district. However, when the threshold issue of whether service was proper upon these defendants was decided by reference to section 1391(e) which requires an interpretation of law, that issue is considered to have been fully litigated under tenets of estoppel.[9]

■ The complaint filed in the District Court of Hawaii, although somewhat longer,[10] is essentially identical to the one filed in the District of Delaware. Naming the same defendants, it alleges the same conspiracy stating the same facts in support of the allegations and seeks the same form of relief, namely compensation and punitive damages and appropriate equitable relief. The sole distinguishing feature between the two suits is the representation made at oral argument that the suit filed in the District of Hawaii is against defendants in their official capacities whereas, in the instant case, plaintiff opposes defendants in their individual capacities.

Because the defendants were not present in Hawaii at the time the action was commenced there and consequently were not subject to service in Hawaii under F.R. Civ.P. 4, plaintiff relied on 28 U.S.C. § 1391(e) as the vehicle by which to establish jurisdiction over the named defendants. This position was expressly rejected by the District of Hawaii.[11]

Since the defendants are likewise not present in the District of Delaware, jurisdiction over the defendants is possible only if 28 U.S.C. § 1391(e) is deemed applicable. This determination can be made, if at all, only by a contrary ruling to that already determined adversely to the plaintiff.

That plaintiff is suing these defendants for damages in their individual capacities does nothing to enhance plaintiff's position. Whether section 1391 applies, in the first instance, to damage claims brought against individuals is in itself a controversial matter.[12] The view the Court would independently take of that particular problem is unimportant. What is germane is that this Court could not address that issue without encroaching upon the determination of another court regarding the application of 28 U.S.C. § 1391(e) to these identical defendants in an action by the same plaintiff based on a different legal theory arising from the same operative facts. It is concluded the judgment on that issue, albeit a non-merits judgment, must be given full

---

9. Where as here the "second action is based upon the original cause of action," direct estoppel is the label given to the form of judicial preclusion involved. Restatement of Judgments § 49, Comment b (1942).

10. The complaint filed in the District Court of Hawaii is 28 pages and 42 exhibits and the one filed to initiate this action is 17 pages and 36 exhibits. *Compare* Doc. No. 27, Ex. C *with* Doc. No. 1.

11. The court also dismissed, after permitting leave to amend, for failure to name the United States as an indispensable party. Doc. No. 27, Ex. C.

12. Because 28 U.S.C. § 1391(e) was passed as part of the Mandamus and Venue Act of 1962, one judicial theory is that its application is limited to equitable actions such as mandamus and injunctions. Consequently, many courts have refused to permit its use in damage actions. *Relf v. Gasch,* 167 U.S.App.D.C. 238, 241–42 nn. 15, 18, 511 F.2d 804, 807–08 nn. 15,

18 (1975); *Kenyatta v. Kelley,* 430 F.Supp. 1328, 1330 (E.D.Pa.1977); *Davis v. Federal Deposit Insurance Corp.,* 369 F.Supp. 277, 279 (D.Colo.1974); *Green v. Laird,* 357 F.Supp. 227, 229–30 (N.D.Ill.1973); *Paley v. Wolk,* 262 F.Supp. 640, 642–43 (N.D.Ill.1965). *See also, Griffith v. Nixon,* 518 F.2d 1195 (2d Cir. 1975); *Natural·Resources Defense Council, Inc. v. T. V. A.,* 459 F.2d 255 (2d Cir. 1972).

However, there is an opposing view which finds no such limitation within section 1391(e) and consequently has endorsed its use in damage actions. *Driver v. Helms,* 74 F.R.D. 382 (D.R.I.1977); *Lowenstein v. Rooney,* 401 F.Supp. 952, 960 (E.D.N.Y.1975); *Wu v. Keeney,* 384 F.Supp. 1161, 1167 (D.D.C.1974). *See also* Hart & Wechsler's *The Federal Courts and the Federal System* 1388 (2d ed. 1973); 2 *Moore's Federal Practice* ¶ 4.29, at 1210; Jacoby, *The Effect of Recent Changes in the Law of "Non-statutory" Judicial Review,* 53 Geo.L.J. 19, 36–37 (1964).

effect and cannot now be the subject of second guessing.[13]

■ Plaintiff asserts that even if service is ineffective, defendants have waived this defect by the appearance of the United States Attorney whose objections on the motion to dismiss exceeded defendants' challenge to service. Nothing could be further from the fact. Rule 12(b) of the Federal Rules of Civil Procedure, in eliminating the use of special appearances for the purpose of contesting jurisdiction, contemplates that all objections be brought at once. Indeed, rule 12(b) explicitly provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." It should further be noted that, with few exceptions, if defendant fails to join his defenses or objections in a single motion, he "cannot make a second motion raising other such defenses or objections." C. Wright, *Handbook of the Law of Federal Courts* 316 (3d ed. 1976). *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3d Cir.), *cert. denied*, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944).

■ Finally, plaintiff requests, pursuant to 28 U.S.C. § 1406, that if service is defective, the Court cure the defect by transferring the case to a district in which it could have been brought. Because such a transfer would exacerbate the already active forum shopping which has occurred, a transfer would not be in the interests of justice and consequently is denied.

For the foregoing reasons, defendants' motion to dismiss the complaint will be granted. Resolution of the issue of service was determined in the District of Hawaii as a matter of law, not as a matter of fact, and consequently plaintiff is bound under principles of estoppel. If the Ninth Circuit Court of Appeals should affirm the Hawaii District Court and all other review is denied, that will end the matter. If, on the other hand, the Hawaii District Court is reversed, the plaintiff will still have a claim before that court and presumably would seek amendment to assert the same claims for relief against defendants in their individual capacities.[14]

---

13. Decisions in related lawsuits initiated by plaintiff against these defendants have not been limited to non-merits judgments. Suit filed in the Southern District of Ohio solely against defendant Mitchell was dismissed on the basis of servicemen's immunity. This judgment on the merits, now pending on appeal, would presumably bar a second suit, at least against this defendant, under principles of res judicata.

14. According to plaintiff's letter, the Ninth Circuit is also reviewing Civil Action No. 76–0160, the other action brought by plaintiff against these defendants in their official capacities. Doc. No. 27. If for any reason that case were reversed, plaintiff could presumably also seek amendment in that action to assert his claims against these defendants in their individual capacities.