**William McKNIGHT**

v.

**B. CIVILETTI, Attorney General of the United States,**

**Norman Carlson, Director, United States Bureau of Prisons.**

**Civ. A. No. 80–1259.**

United States District Court, E. D. Pennsylvania.

Oct. 9, 1980.

658

William McKnight, pro se.

Susan Dein Bricklin, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Plaintiff in this *pro se* action, William McKnight, a federal prisoner, alleges that

the defendants, the Attorney General and the Director of the Bureau of Prisons, negligently permitted McKnight to be attacked by a fellow inmate while confined in a federal prison; unfairly subjected him to administrative segregation after the attack; and were deliberately indifferent to his need for medical care for injuries sustained in the attack. McKnight contends that the defendants have deprived him of several constitutional rights, and he seeks injunctive and declaratory relief, plus compensatory and punitive damages.

McKnight has sued the defendants in both their individual and official capacities. Defendants move to dismiss the claims against them in their individual capacities on the ground that this court lacks personal jurisdiction over them, and also that venue in this district is not proper. Defendants move to dismiss the claims against them in their official capacities on the ground that the claims are in fact claims against the United States, and therefore barred by sovereign immunity.

### A. *Claims Against the Defendants in Their Individual Capacities*

The record reflects that McKnight effected service of process on the defendants by directing the United States Marshal to send copies of the complaint to the defendants by certified mail. Title 28 U.S.C. § 1391(e) provides that in a suit against a federal officer who resides outside of the district in which suit is brought, service may be made by certified mail. *See also* Rule 4(d)(5), F.R.Civ.P. However, when suit is brought against a federal official in his individual capacity, for money damages, most federal courts have held that § 1391(e) is inapplicable, and that personal service must be effected in accordance with Rule 4(d)(1). *E. g., Relf v. Gasch*, 511 F.2d 804, 807–808 (D.C.Cir.1975); *Kenyatta v. Kelley*, 430 F.Supp. 1328 (E.D.Pa.1977); *Davis v. Federal Deposit Insurance Corp.*, 369 F.Supp. 277 (D.Colo.1974).

In a recent decision, the Supreme Court adopted this construction of § 1391(e). In *Stafford v. Briggs*, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), two United States attorneys from the Northern District of Florida were sued in the District of Columbia for violating the constitutional rights of the plaintiffs while conducting a criminal investigation in Florida. The government attorneys were sued in both their individual and official capacities. In holding that venue was not properly laid in the District of Columbia, the Court concluded that Congress did not intend for § 1391(e) to apply when a federal officer was sued in his individual capacity, because such a construction would create an unfair burden upon federal employees to defend against claims arising out of their government service. Although the issue before the Court in *Stafford* was whether venue was proper, its broad holding makes it clear that § 1391(e) may not be invoked to assert personal jurisdiction over federal officers sued in an individual capacity.

As the plaintiff in this action, McKnight has the burden of pleading and proving jurisdiction. *Kenyatta v. Kelley, supra*, 430 F.Supp. at 1330. McKnight's contention that this court has personal jurisdiction over the defendants under § 1391(e) is without merit, and he has not alleged any facts which would lead me to conclude that this court has jurisdiction over the defendants under Rule 4(e), F.R. Civ.P., on the strength of Pennsylvania's "long–arm statute." 42 Pa.Con.Stat.Ann. § 5301 *et seq.* Accordingly, defendants' motion to dismiss for lack of personal jurisdiction the claims against them in their individual capacity, will be granted.

Even if this court did have personal jurisdiction over them, the defendants further argue that venue is not properly laid in this district. As noted above, the Supreme Court in *Stafford* expressly ruled that in a suit against federal officers in their individual capacity, 28 U.S.C. § 1391(e) is inapplicable. Therefore, the controlling venue provision is § 1391(b), which provides that in any action not founded solely on diversity of citizenship, venue is proper only in the judicial district where all the defendants reside, or in which the claim arose. In the instant case, neither defendant resides

within this district, and the claim arose at Lewisburg Federal Prison, which is situated in the Middle District of Pennsylvania. Accordingly, as an alternative holding, defendants are entitled to have the individual claims against them dismissed on the ground that venue in this district is improper.

### B. *Claims Against the Defendants in Their Official Capacities*

■ McKnight has also sued the defendants in their official capacities, as Attorney General and as Director of the Bureau of Prisons, respectively. Defendants contend that the claims against them in their official capacities are barred by the doctrine of sovereign immunity.

The threshold question is whether McKnight's claims under this branch of the case may properly be said to be claims against the United States. "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' .... or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Because defendants are usually named in their official capacity as a means of challenging governmental conduct without naming the government as defendant, for purposes of sovereign immunity analysis such suits against government employees are usually regarded as the equivalent of suit against the government itself. *See Monell v. Department of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2036, n.55, 56 L.Ed.2d 611 (1978). Here, I am persuaded that McKnight's suit is in effect one against the United States. McKnight seeks a declaration that the defendants' conduct was unconstitutional; injunctive relief prohibiting future violations of his rights; and damages. The defendants personally had no involvement with the incidents of which McKnight complains, and it is clear that if the present defendants left

office, McKnight would have to continue his suit against their successors, and that he would look to the United States to satisfy any judgment entered. In short, the defendants are named in their capacity as representatives of the United States, *Monell, supra,* and therefore the doctrine of sovereign immunity is at issue.

■ It is axiomatic that the United States is subject to suit only if Congress has waived sovereign immunity by statute. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Notwithstanding that McKnight has a cause of action against federal officials who, acting in their individual capacities, allegedly deprived him of Eighth Amendment rights, *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the existence of such a cause of action does not overcome the hurdle of sovereign immunity with respect to McKnight's claims against the United States itself. *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir.), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979). Nor is the barrier to McKnight's suit posed by sovereign immunity lessened by the fact that in part he seeks prospective equitable relief. Although, for purposes of Eleventh Amendment immunity in suits against the states, a claimant is not barred to the extent that he seeks equitable relief as opposed to damages, *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), in a suit against the United States, under the common law doctrine of sovereign immunity, "unless sovereign immunity has been waived, it bars equitable as well as legal remedies against the United States." *Jaffee, supra,* 592 F.2d at 717 n.10.

■ McKnight has not cited any statutory provisions in which the United States has waived its immunity against suits such as the instant one. McKnight may, as the government contends, only be able to overcome the obstacle of sovereign immunity by bringing suit under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*[1] Assuming,

1. *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), is not to the contrary. In *Green*, the Court ruled that the existence of a remedy under the Federal Tort Claims

however, that McKnight's allegations do state a claim under the Tort Claims Act, I lack jurisdiction over them, for McKnight has failed to satisfy the jurisdictional prerequisite that he seek administrative adjustment of his claim before filing suit. 28 U.S.C. § 2672; *Commonwealth of Pennsylvania by Denenberg v. National Association of Flood Insurers*, 520 F.2d 11 (3d Cir. 1975).

In summary, because McKnight has failed to establish that the United States has waived immunity against suit, the defendants' motion to dismiss the claims against them in their official capacities, will be granted.

Act was irrelevant in the determination of whether a plaintiff had a direct cause of action under the Constitution against a federal official who violated his rights. My holding here is that, assuming McKnight has a direct cause of action under the Eighth Amendment, he may not sue the United States unless it has otherwise waived its immunity, and the Tort Claims Act is the only waiver available to him.