**Johnny Ray JOHNSON**

v.

**Norman CARLSON, Director Federal Bureau of Prisons; G.E. Killinger, Regional Correctional Program Administrator.**

**No. CA3–82–1664–F.**

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 20, 1983.

Johnny Ray Johnson, pro se.

John Mitchell Nevins, Asst. U.S. Atty., Dallas, Tex., for defendants.

## MEMORANDUM ORDER AND OPINION

ROBERT W. PORTER, District Judge.

Came on before the Court Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. This action comes before this Court as a tort claim arising under 28 U.S.C. § 1346, whereby the Plaintiff alleges that threats and other forms of harassment persisted during his incarceration at the Federal Correctional Institution in Texarkana, Texas from May 19 through July 13, 1982. The Plaintiff seeks injunctive relief to stop the alleged

threats and harassment as well as $100,000 from each Defendant in compensatory and punitive damages. For the reasons set forth herein, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, will be granted.

## I. Summary Judgment Standards

■ Under Rule 56 of the Federal Rules of Civil Procedure, Summary Judgment may be granted only if pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The burden of proof falls upon the party seeking Summary Judgment and all reasonable doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party. *Erco Industries, Ltd. v. Seaboard Coastline R. Co.*, 644 F.2d 424, 428 (5th Cir.1981); *Keiser v. Coliseum Properties*, 614 F.2d 406, 410 (5th Cir.1980). Further, in considering such a motion, the District Court must view the Summary Judgment evidence in the light most favorable to the non-movant. *Erco, supra* at 428; *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir.1980).

## II. Facts

Plaintiff was lawfully confined as an inmate of the Texarkana Correctional Institution on May 13, 1982. Prior to incarceration the Plaintiff had been a government witness and informant in an earlier trial such that he feared for his life if he entered the inmate population of the federal prison. From May 19 to July 13, 1982, the Plaintiff claimed that he was constantly harassed by unnamed fellow inmates and staff personnel. To resolve the alleged situation, the Plaintiff requested to be transferred to another prison. The unit team denied the request, but offered to place the Plaintiff in administrative detention for his own safety. The Plaintiff declined the offer.

While at his assigned prison job, the Plaintiff became involved in a fight with three other inmates who had accused him of being an informant and snitch. The Plaintiff's refusal to inform his job supervisor of the fight resulted in two later fights with the same inmates. At no time after the alleged fights, threats or harassments did the Plaintiff file a formal complaint with the proper authorities of the Federal Bureau of Prisons at the Federal Correctional Institution in Texarkana, Texas (affidavit of Christopher Erlewine).

On July 14, 1982, the Plaintiff was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri until December 22, 1982 when he was designated to the U.S. Penitentiary, Leavenworth where he remains at present.

## III. Issues

On basing his claim on 28 U.S.C. § 1346, the Plaintiff is proceeding directly against the U.S. under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671, *et seq.* (1976). To the extent that Plaintiff states a claim arising under tort law, however, this Court does not have jurisdiction to proceed under FTCA.

■ The requirement of exhaustion of administrative review is a jurisdictional requisite to a filing of an action under FTCA. Before suit can be instituted against the U.S., a Plaintiff must file an administrative claim with the agency involved and have his claim finally denied by that agency. 28 U.S.C. § 2675(a) (1976). The affidavit of Christopher Erlewine, Regional Counsel for the South Central Region of the U.S. Bureau of Prisons, notes that Plaintiff has not filed an FTCA claim with the Bureau for the conduct alleged in the complaint. Because the timely filing of an administrative claim is a jurisdictional prerequisite, *Gregory v. Mitchell*, 634 F.2d 199, 203–204 (5th Cir.1981), the Plaintiff cannot proceed under the FTCA.

■ Through congressional delegation, the Bureau of Prisons administers an in-house procedure by which prison inmates may process complaints concerning multifarious conditions of confinement, includ-

ing grievances involving threats by other inmates. 28 C.F.R. § 542 (1982). Under this administrative procedure an inmate is advised to seek initially informal discussion and resolution of his problem with the prison staff, particularly with his unit team. 28 C.F.R. § 542.13(a). If this fails, he may formally appeal to the warden, then to the Regional Director, and finally to the Office of General Counsel. 28 C.F.R. § 542.15; *Holloway v. Gunnell,* 685 F.2d 150, 153–54 (5th Cir.1982). The Plaintiff did notify his unit team of the alleged harassments by other inmates, but he refused their offer of placing him in administrative detention for his own protection. It appears from the face of the complaint and the affidavits that no formal administrative appeals were undertaken by the Plaintiff beyond notifying his case manager. Thus, failure to exhaust the administrative remedies bars an inmate from pursuing his claims in Court. *Lane v. Hanberry,* 593 F.2d 648 (5th Cir.1979); *Jones v. Carlson,* 495 F.2d 209 (5th Cir.1974).

■ In any event, injunctive relief is not proper due to the changed circumstances of the Plaintiff's case. As the affidavit of Mr. Erlewine substantiates and as Plaintiff's complaint reveals, Plaintiff is no longer an inmate at FCI Texarkana but is now housed in the USP in Leavenworth. Since Plaintiff is no longer at FCI Texarkana where the alleged threats occurred, Plaintiff's request for injunctive relief is now moot. *Rhodes v. Bureau of Prisons,* 477 F.2d 347 (5th Cir.1973); *Joyner v. McClellan,* 396 F.Supp. 912 (D.Md.1975).

Because pro se complaints are construed liberally, however, the Defendants Carlson and Killinger move the Court to dismiss this action to the extent it is designed to attack personal liability for their actions directly under the Constitution. *See Bivens v. 6 Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff's suit is deficient in two respects: insufficient service of process and inadequate claim for relief.

■ The Court records show that both Defendants were served with a copy of the summons and complaint by certified mail, return receipt requested. Under 28 U.S.C. § 1391(e) this form of service would be sufficient if these individuals were sued only in their official capacity. However, in *Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), the Supreme Court held that the nationwide service of process and venue provisions of § 1391(e) do not apply to actions against federal officials for money damages. Since Courts have found service by certified mail to be insufficient when federal officials are being sued for damages in their individual capacity, service of process must be made in compliance with Texas law. *McKnight v. Civiletti,* 497 F.Supp. 657, 659 (E.D.Pa. 1980); Fed.R.Civ.P. 4(d)(7), (e). Generally, Rules of Civil Procedure relating to issuance, service and return of citation are regarded as mandatory, and failure to show affirmatively a strict compliance with the rules will render the attempted service of process invalid and of no effect. *Mega v. Anglo Iron & Metal Co.,* 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Lincoln Bank & Trust Co. v. Webb,* 620 S.W.2d 174 (Tex.Civ.App.—San Antonio 1981).

■ Both Killinger and Carlson were served by certified mail. However, the certified mailing by which service was attempted to be accomplished was not "with delivery restricted to addressee only." Rule 106 of the Texas Rules of Civil Procedure governs service of process in the Texas Court System. Rule 106(a)(2) explicitly states that when certified mail is used and no Court order has been obtained, such mailing must be done "with delivery restricted to addressee only." Since service on both Defendants was invalid under Fed.R.Civ.P. 4(d)(7) and Texas law, the Court lacks personal jurisdiction over them due to insufficient service of process.

■ Construing his complaint liberally, the Plaintiff may be seeking relief by attaching individual liability on the named Defendants directly under the Constitution. *See Bivens v. 6 Unknown Federal Narcot-*

*ics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Supreme Court has held that a Bivens action can be instituted for violations of the 8th Amendment. *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). However, Plaintiff's complaint is deficient in many respects. First, it is wholly conclusory. It does not specify the nature of the threats endured. The complaint does not mention who the inmates or staff members were that threatened him, where the threats occurred, and other relevant data necessary to determine whether a constitutional violation occurred.

Various courts have emphasized that a civil rights complaint should be dismissed on its face if it is merely comprised of conclusory allegations such as the Plaintiff's complaint. *Cunningham v. Ray,* 648 F.2d 1185 (8th Cir.1981); *Brown v. Sielaff,* 474 F.2d 826, 827 (3rd Cir.1973). The Fifth Circuit has held that an isolated threat or beating does not state a claim under the 8th Amendment. *George v. Evans,* 633 F.2d 413, 415 (5th Cir.1980). Therefore, Plaintiff's complaint should be dismissed on its face because it is too conclusory to warrant further examination.

In addition, the Plaintiff attempts to hold both Defendants liable because of their alleged connection with Staton Green, Plaintiff's case manager at FCI Texarkana. Plaintiff alleges that Killinger is the "supervisor" of Green and that Carlson is responsible for having hired Green. Thus, the Plaintiff bases his liability on the doctrine of respondeat superior.

■ In civil rights litigation, a federal official cannot be held vicariously liable for the acts of his subordinates. *Bowen v. Watkins,* 669 F.2d 979, 988 (5th Cir.1982); *Reimer v. Smith,* 663 F.2d 1316, 1323 (5th Cir.1981). Although it is not necessary to show that a supervisory official participated personally in an act in order to be liable for a civil rights violation, *Henzel v. Gerstein,* 608 F.2d 654, 658 (5th Cir.1979), Plaintiff must show that the supervisor had some form of personal involvement, collaboration, direction or approval of the act in question. *Reimer, supra.*

■ With respect to Defendant Carlson, the Plaintiff does not prove whether the hiring of Green was negligent, how the hiring of Green caused harm to Plaintiff, or whether the hiring of Green was done with deliberate indifference to the Plaintiff's needs. Thus, Carlson cannot be held liable since respondeat superior does not apply.

■ With respect to Defendant Killinger, Plaintiff's attempts to hold him liable primarily on the basis that he was the "supposed supervisor" of Green fail for lack of evidence. According to the court records, Killinger is not the supervisor of Staton Green. Killinger's only duty to Plaintiff was to forward his letters of grievance to the proper authorities at FCI Texarkana in accordance with standard policy of the Bureau of Prisons. In addition, Mr. Killinger's affidavit dated January 11, 1983 clearly explains that he had no personal knowledge nor involvement in any matters alleged by Plaintiff. Thus, Killinger cannot be held liable since the theory of respondeat superior does not apply and there was no breach of duty owed to Plaintiff.

## II. Conclusions

Plaintiff has shown no basis for relief. No genuine issues of material fact exist and the Defendants are entitled to judgment as a matter of law. Therefore, it is ordered that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted. All relief sought by the Plaintiff is DENIED. Judgment will be entered in favor of the Defendants.