ROBERT GELLY ET AL AS ARK. REAL ESTATE COMM'N
*v.* RUTH P. WEST, d/b/a BROADWAY SCHOOL OF
REAL ESTATE

5-6058

486 S.W. 2d 31

Opinion delivered October 30, 1972

*Ray Thornton,* Atty. Gen., by: *Fred H. Harrison,*
Asst. Atty. Gen., for appellants

*Lloyd R. Haynes,* for appellee.

GEORGE ROSE SMITH, Justice. Since 1968 the appellee, Ruth P. West, doing business as Broadway School of Real Estate, has conducted a training school in Little Rock for persons who are preparing to take the written examination for a license as a real estate broker or salesman. Ark. Stat. Ann. § 71-1304 (Supp. 1971). For a time the appellants, who constitute the Arkansas

Real Estate Commission, permitted graduates of the Broadway School to take the examination. However, on September 2, 1971, the Commission adopted a regulation that had the effect of terminating the Broadway School's status as a training institution acceptable to the Commission.

Mrs. West then brought this action for a declaratory judgment finding the Commission's regulation to be beyond its statutory authority and therefore invalid. The controversy was submitted to the trial court upon stipulated facts. This appeal is from a declaratory judgment holding the Commission's regulation to be void.

We agree with the trial court. The statute governing real estate brokers and salesmen provides four ways in which an applicant for a license may qualify himself to take the written examination. One of the four requires not less than thirty hours of classroom attendance in "[a] reputable, bona fide business school situated in the State of Arkansas." Section 71-1304, *supra*. The appellee's Broadway School of Real Estate is *prima facie* a reputable, bona fide business school; it has been licensed by the State Board of Education as an approved private school offering vocational courses. The General Assembly declared by Act 416 of 1965 that the State Board of Education "shall have *sole authority* [our italics] to approve all schools offering courses below college level leading to an occupational objective." Ark. Stat. Ann. § 80-4302 (Supp. 1971).

The Real Estate Commission, in the regulation now in question, requires not only that an acceptable business school be licensed by the State Board of Education but also that it either be accredited by the "Accrediting Commission for Business Schools" or demonstrate to the satisfaction of the Real Estate Commission that it meets the criteria for accreditation established by the Accrediting Commission for Business Schools.

In seeking to justify the regulation the Real Estate Commission relies upon broad statutory language authorizing the Commission to "do all things necessary and convenient for carrying into effect" the provisions

of the statute creating the Real Estate Commission. Section 71-1303 (Supp. 1971). One flaw in that argument lies in the fact that the legislature has vested in the State Board of Education the "sole authority" to approve occupational schools below college level. How can it be said that either necessity or convenience requires that the Board of Education's authority be subordinated to additional conditions imposed by the Real Estate Commission?

Moreover, even if it should be found that the legislature intended for the Real Estate Commission to have some authority in the matter, the regulation in question plainly invades a field beyond the Commission's special competence. The regulation requires that business schools to qualify for eligibility, meet the standards established by the "Accrediting Commission for Business Schools." The regulation does not identify the Accrediting Commission in any way. In the court below the Real Estate Commission made no attempt to explain or clarify its reference to the Accrediting Commission. We find no statutory reference to such a body. Thus we may speculate, at best, that such a commission does exist and that it has laid down standards for accrediting business schools. Even so, there is nothing to indicate that such business schools offer training in the real estate field only, rather than with respect to business in general. It follows that, if the standards of the Accrediting Commission are to be adopted in Arkansas, that decision under existing law falls within the special knowledge of the State Board of Education and not within the more limited expertise of the Real Estate Commission.

Affirmed.