CENTURY 21 REAL ESTATE OF NORTHERN TEXAS, INC., et al *v.* ARKANSAS REAL ESTATE COMMISSION et al

80-192                                    611 S.W. 2d 515
Supreme Court of Arkansas
Opinion delivered February 16, 1981

*Smith, Jernigan & Smith*, by: *George O. Jernigan, Jr.*, for appellants.

*Steve Clark*, Atty. Gen., by: *Nelwyn Davis*, Asst. Atty. Gen., for appellees.

JOHN I. PURTLE, Justice. This is an appeal from the Pulaski County Circuit Court upholding the validity of Rule 39(c) of the amended rules and regulations of the Arkansas Real Estate Commission. Among the seven grounds for reversal appellants argue that the Arkansas Real Estate Commission acted beyond its statutory authority in promulgating Rule 39(c). We agree with appellants on this point and therefore find it unnecessary to discuss the other points argued on appeal.

Rule 39(c) attempted to regulate advertising by franchise real estate dealers. The rule adopted required the Arkansas broker's name to appear equally prominent with that of the franchisor. The only fact necessary to support this opinion is that the Commission attempted to regulate advertising by real estate agents and brokers in Arkansas.

The Arkansas Real Estate Commission is an instrumentality of the legislature and was created and is controlled by the General Assembly as expressed in Ark. Stat. Ann. § 71-1301 et seq. (Repl. 1979). We have carefully examined the authority granted to the Commission and are unable to find any authority which would enable them to control advertising by its members. We are not unmindful of the grant to the Commission of authority to do all things necessary and convenient for carrying the act into effect. However, one of the things the Commission was to carry into effect was not regulation of advertising by its members. The facts in this case bear a close resemblance ot those in the case of *Gelly* v. *West*, 253 Ark. 373, 486 S.W. 2d 31 (1972). In *Gelly* we struck down a regulation by the Commission attempting to regulate a real estate examination training school on the grounds the rule was beyond the authority granted to the Commission.

Reversed and remanded for the entry of a declaratory judgment consistent with this opinion.

HICKMAN and HAYS, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I agree the case should be remanded but for entirely different reasons. In my judgment the Commission failed to substantially comply with several statutory requirements regarding notice. Also, the Commission offered no evidence at all to show why such a rule was needed. It probably assumed, as would anyone familiar with the real estate business, that a regulation regarding franchise real estate operations was needed.

This court has struck down the rule in question because it "controls advertising." Of course it controls advertising because it is a primary function of the Commission to prevent misrepresentation, false influence, or inducement. This is not a First or Fifth Amendment case, as the majority seems to treat it.

The Arkansas statutes "control" advertising and charge the Commission with the duty to make rules and regulations to enforce those laws. The Commission "... may do all things necessary and convenient for carrying into effect the provisions of this Act and may from time to time promulgate necessary rules and regulations." Ark. Stat. Ann. § 71-1303.

Ark. Stat. Ann. § 71-1302 provides that a broker is one who *advertises*, or holds himself out as being engaged in the business of buying, selling...real estate." [Emphasis added.] A salesman is one who does all the same things a broker does, but is employed by the broker. Every broker *shall* display a sign bearing his name or the firm name in front of his place of business. Ark. Stat. Ann. § 71-1306(d). Any change in the principal business location must be reported in writing. Ark. Stat. Ann. § 71-1306(f). A license can be suspended or revoked for any substantial misrepresentation or for any conduct which constitutes improper, fraudulent or dishonest dealing. Ark. Stat. Ann. § 71-1307.

How does the public know who the broker or salesman

is? How do other brokers or salesmen know who lists a piece of property? How does the public know where to report a misrepresentation and who should be reported? They know by the signs and advertising. How does the Commission know when a salesman or broker has made an illegal representation? The name is on the advertising materials. It is a custom of the business; it is required in at least one instance. Such a rule violates no state or federal constitutional guarantees. *Century 21 Real Estate Corp.* v. *Nevada Real Estate Advisory Comm.*, 448 F. Supp. 1234 (D.C. Nev. 1978), aff'd 440 U.S. 941 (1979).

The rule in question simply provides that signs and advertising materials used in connection with a franchise must contain the broker's name equally prominent with the logo of the franchise. It in no way "controls" or limits advertising. In this case Century 21 is the franchise broker. The majority's decision means that all Century 21 signs *will not* have to contain the name of the broker or salesman — anathema to all real estate people.

As I suggested, I think the Commission should have offered proof as to why franchise operations have caused problems in other states and what would be a reasonable regulation regarding their signs. Any rule must be reasonable and not arbitrary and I cannot make that judgment on this record. For that reason and because of notice deficiencies I would remand the case for further proceedings.

Ironically, it will not be the Commission that will bear the brunt of the majority's decision. It will be the brokers and salesmen who must operate at their peril. Instead of permitting the Commission to regulate in a perfectly legal area, we have forced the Commission to jerk any license for misrepresentation and the misrepresentation will be determined on a case by case basis rather than by rule. Instead of order by rule and regulations we have created a chaotic void. The Commission can no longer require a broker or salesman to put his name on any advertising.

The majority's reliance on *Gelly* v. *West*, 253 Ark. 373, 486 S.W. 2d 31 (1972) is exaggerated. Gelly involved a real

estate school, licensed by the State Department of Education which is an agency granted the exclusive right to control such schools.

HAYS, J., joins in this concurrence.