**J.C. SPRIGGINS, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, a United States Corporation, and the Federal Deposit Insurance Corporation, as Receiver for Moncor Bank, N.A., Hobbs, Hobbs, New Mexico, Defendants.**

No. CA–3–87–1457–T.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 11, 1988.

---

1. *See James v. Butler,* No. 86–3753 (5th Cir.)

Application for Stay of Mandate.

J.C. Spriggins, pro se.

John P. Eastham, Mary Catherine McCulloch, Kemp, Smith, Duncan & Hammond, P.C., Albuquerque, N.M., for defendants.

### ORDER DENYING MOTION FOR INJUNCTION AND GRANTING MOTION TO DISMISS

MALONEY, District Judge.

On August 20, 1987 Plaintiff filed his Assignment of Error and Motion for Preliminary Injunction. On September 9, 1987 Defendants filed their response. The Court has read Plaintiff's pleadings liberally, and concludes that Plaintiff has not established a basis upon which this Court could properly grant injunctive relief. The Court further concludes that Plaintiff's Motion is an attempt to seek relief from a judgment entered by the United States District Court of New Mexico. The Court is of the opinion that it is without jurisdiction to grant Plaintiff relief from a judgment entered by the United States District Court of New Mexico.[1] The Court will therefore deny this Motion.

On August 10, 1987 Defendants filed their Motion to Dismiss for Lack of Proper Venue. Plaintiff filed his response on September 4, 1987. The court, having considered the Motion and supporting argument, is of the opinion that the Motion to Dismiss should be granted.

The Court is directed by the mandatory language of 12 U.S.C. § 94, which provides:

> Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation had been appointed receiver, or against the Federal Deposit Insurance Corporation, as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located.

Plaintiff sues the Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity and in its capacity as receiver for Moncor Bank, N.A., Hobbs, Hobbs, New Mexico ("Moncor Bank"). The Comptroller of the Currency declared Mon-

---

**1.** The record reflects that Plaintiff has not filed a motion for new trial or timely notice of appeal to the 10th Circuit.

cor Bank insolvent on August 30, 1985, and the FDIC was appointed receiver. The Court therefore concludes that Plaintiff should have brought this action in the United States District Court of New Mexico, where Moncor Bank has its principal place of business.

Defendants urge this Court to dismiss rather than transfer the cause to the United States District Court of New Mexico.[2] The Court is directed by 28 U.S.C. § 1406, which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. (Emphasis added).

 The Court is of the opinion that once the determination has been made that a case was brought in improper venue, then the Court must determine whether the interest of justice would be served by transferring the case to a district where it might or should have been brought. The Court concludes that in the interest of justice dismissal of this case is appropriate.

The Court is of the opinion that Plaintiff's filing this claim in the Northern District of Texas is an attempt to raise claims which have already been adjudicated in another forum. The record reflects that Plaintiff raised claims of fraud and misrepresentation against Moncor Bank in *Spriggins v. First National Bank of Lea County,* No. CV 82-0936HB (D.C.N.M.1984). Plaintiff entered into a settlement of this first case, and later defaulted on the note made a part of the settlement agreement.[3]

The record further reflects that the Tenth Circuit affirmed the United States District Court of New Mexico in upholding the dismissal of the National Bank of Lea County case.[4]

The record further reflects that First City National Bank, Hobbs, New Mexico filed suit against Plaintiff on February 23, 1984. Plaintiff counterclaimed raising the same operative facts as alleged in the first action.[5] The record further reflects that United States District Court of New Mexico dismissed Plaintiff's counterclaim in the second action on the grounds of *res judicata.*[6]

Plaintiff in his response to the Motion to Dismiss, asserts that the matters stated in his present complaint are not barred by *res judicata* because these matters have not been adjudicated by any court. Plaintiff misunderstands the doctrine of *res judicata.* The Court concludes that Plaintiff had the opportunity and the responsibility to raise any claims he had against Moncor Bank or Defendants in the first suit filed by Plaintiff. Therefore, any claims not so raised in a previous action are subsequently barred by *res judicata.*

The Court further concludes that dismissal of this action is appropriate because it is apparent from the record before the Court that Plaintiff has brought the present action in the Northern District of Texas to avoid the orders and decisions of the District Court of New Mexico.[7]

The Court has discretion to transfer a case to a proper forum or dismiss the case under 28 U.S.C. § 1406(a). Transfer rather than dismissal is only to be made in the

---

2. Defendants' Memorandum in Support of Motion to Dismiss, at 4.

3. Memorandum Opinion and Order entered May 15, 1984, attached as Exhibit A to Defendants' Memorandum in Support of Motion to Dismiss.

4. Order and Judgment of the Tenth Circuit Court of Appeals, entered November 27, 1985, and attached as part of Exhibit A to Defendants' Memorandum in Support of Motion to Dismiss.

5. Complaint for Judgment and Foreclosure of Mortgages filed by First City National Bank, Hobbs, New Mexico against J.C. Spriggins and Maria Spriggins, Cause No. CV–84–236, and Answer and Counterclaim filed March 22, 1984, and attached as Exhibit B to Defendants' Memorandum in Support of Motion to Dismiss.

6. Amended Order filed June 30, 1986 and attached as Exhibit C to Defendants' Memorandum in Support of Motion to Dismiss.

7. *Poe v. Kuyk,* 448 F.Supp. 1231 (D.Del.1978).

**166**

interest of justice.[8] The court is of the opinion that justice would not be served by transferring this case to New Mexico. It appears that Plaintiff has failed to prevail on his claims in New Mexico, and so attempts to have his claims litigated in Texas. The Court is of the opinion that this is an inappropriate use of the judicial system, and therefore dismissal of the complaint is proper.

It is therefore ORDERED that:

1. Plaintiff's Motion for Injunction is denied; and,

2. Defendants' Motion to Dismiss is granted, and Plaintiff's complaint is dismissed with prejudice.

It is so ORDERED.

---

**8.** *Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515 (9th Cir.1983). The Court in *Wood* found that the plaintiff had tried several times in one federal district to prevail on his claims, and failing to do so, filed suit in yet another district with similar allegations to his previously filed actions. The 9th Circuit held:

Justice would not have been served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.
At 1523.